CASE 46—INDICTMENT—June 14.

## Harper v. Commonwealth.

APPEAL FROM MADISON CIRCUIT COURT.

</div>

1. SETTING UP GAME OF CARDS—INSTRUCTIONS TO JURY.—Upon the trial of appellant for the offense of "setting up, conducting and carrying on a game of cards, called poker, for compensation, whereby money was won and lost," it was not error to instruct the jury that they should convict if they should find that defendant carried on such a game and received compensation therefor "in any form whatever." Although the words quoted are not used in the statute (Gen. Stats. ed. 1887, pp. 692, 693) that is what the statute means.

2. SAME—SUFFICIENCY OF EVIDENCE TO ESTABLISH CHARGE.—As it

was shown that the room in which the game was played was fitted up for a gambling room and persons resorted to it when they wished to play, that the defendant was generally present and without the request of any one took charge of the game and acted as banker, and issued and sold chips and cashed them at the close of the game, sometimes taking a hand himself, the jury had the right to infer from these facts that he received compensation in some form.

3. CRUEL PUNISHMENT.—The court will not say that a punishment prescribed by the Legislature is cruel within the meaning of the provision of the Constitution forbidding "cruel punishment" unless it is manifestly so. The Legislature is the judge of the adequacy of the penalty.

Confinement in the penitentiary and exclusion from suffrage and office, which is the punishment prescribed by the statute for the offense charged in this case, is not such a severe penalty for that offense that the court can declare the statute unconstitutional upon the ground that it prescribes "a cruel punishment."

CROOKE & COBB FOR APPELLANT.

1. The statute under which appellant was tried and convicted is unconstitutional, because it inflicts a cruel punishment. (Old Constitution, art. 13, sec. 17.)
2. The indictment is too indefinite. It is not sufficient to charge that a game has been set up, conducted and carried on without stating where it was set up, carried on or conducted.
3. It was error to instruct the jury that they were authorized to find appellant guilty if they believed he set up or conducted a game for compensation "in any form whatever." The addition of the words quoted was unauthorized and prejudicial.

W. J. HENDRICK, ATTORNEY-GENERAL, FOR APPELLEE.

1. The statute under which appellant was indicted is constitutional. (Commonwealth v. Burns, 4 J. J. Mar., 177; Ervine v. Commonwealth, 5 Dana; Ashlock v. Commonwealth, 7 B. M.; Hinkle v. Commonwealth, 4 Dana; Commonwealth v. Avery, 14 Bush; Cheek v. Commonwealth, 79 Ky., 359; Commonwealth v. Simonds, 79 Ky., 618.)
2. The indictment follows the language of the statute and is good.
3. The instruction as given by the court followed closely the language of the statute and accurately stated the law of the case to the jury.

JUDGE BENNETT DELIVERED THE OPINION OF THE COUTT.

The appellant was indicted, tried and convicted of the statutory crime of setting up, conducting and carrying on a game of cards, called poker, for compensation or commission, whereby money was won and lost.

The court's instruction followed the language of the statute in reference to the acts necessary to constitute the crime charged, except after the word "compensation" the court added the words "in any form whatever." It is contended that the addition of these words was not authorized by the statute. But it seems to us that the additional words are not in conflict with the language used in the statute, but the language "compensation, reward or commission" means "in any form whatever."

But it is said that the evidence does not conduce to show that the appellant was guilty of the crime charged.

Upon that subject the proof is that the room in which the game was played was fitted up for a gambling room, and persons resorted to it when they wished to play; that the appellant was generally present and uninvited, and without the request of any one "took charge of the game and acted as banker and issued and sold chips and cashed them at the close of the game," and sometimes took a hand himself; that he took out a chip whenever pairs, threes, etc., were played, that the take-out went to pay for the drinks, cigars, lights and cards. But it does not directly appear that the appellant received the take-out that might remain after the payment of these expenses as compensation or commission. But we think the jury had a right to infer from the facts proven that he did receive compensation or commission. For it is not at all probable, but highly improbable, that the appellant, not being an idiot or feeble minded, would devote his time to running that game, as it was run, for mere pastime or accommodation; but the jury had the right to infer that he received compensation, reward or commission in some form.

Harper v. Commonwealth.

But the appellant contends that the punishment denounced by the statute is "cruel" and violates section 17, article 13 of the old Constitution, which prohibits "cruel" punishments, etc.

It is the duty of the Commonwealth to promote and protect the peace and good order and happiness of its citizens by enacting adequate laws for the punishment of vice and crime, and prevent any practices that lead to vice and crime. There is no doubt that gambling is a great social and moral evil that leads to crime and dissipation, and wrecks fortunes and brings poverty and misery upon the helpless and innocent, and it is certainly not only the duty of the Commonwealth to enact such penalties against the gamblers themselves as will deter them, but to enact such penalties against such persons as hire themselves out to set up or carry on the gambling hells, and if it requires confinement in the penitentiary and disfranchisement to prevent or check the practice, the Legislature has the constitutional right, and it is its duty, to enact such a law. That body is necessarily the judge of the adequacy of the penalties necessary to prevent crime. The court has no right to say that the punishment is cruel and unconstitutional, unless it clearly and manifestly so appears—which we can not do in this case; on the contrary, we think the Legislature was clearly within the exercise of its constitutional power in enacting the law.

The judgment is affirmed.