CASE 52.—PROSECUTION AGAINST JOHN DIAMOND FOR STEALING CHICKENS OF THE VALUE OF MORE THAN $2.00.—January 24.

## Diamond v. Commonwealth

Appeal from Garrard Circuit Court.

W. C. BELL, Circuit Judge.

Defendant convicted and appeals. Affirmed.

1. Stealing Chickens—Felony—Constitutionality.—An act of the General Assembly approved March 17, 1904, entitled "An act to regulate crime and fix the punishment thereof". and providing: "If any person shall steal chickens, turkeys, ducks, or other fowls, of the value of $2, or more, he shall be confined in the penitentiary not less than one nor more than five years," is not in violation of section 51 of the Constitution providing that "No law enacted by the General Assembly shall relate to more than one subject and that shall be expressed in its title.

2. Title to Act—Creating Crime—Prescribing Punishment—One Subject.—It is not essential to the validity of an act creating a felony that the title should describe the conditions under which it shall become effective; nor is it obnoxious for an act to create the crime and prescribe the punishment, as the matter of the description of the crime and the fixing

of the punishment are not two subjects. It is dealing with two features of the same subject, and both are germane to the title.

D. B. HERNDON, attorney for appellant.

(No brief in the record.)

N. B. HAYS, Attorney General, and C. H. MORRIS for appellee.

We submit:
The plain subject of the act is crime. The object is to prevent crime and to fix a punishment therefor. The subject and object of the act are both expressed in the title, and therefore cannot be in conflict of section 51 of the Constitution. (Acts 1904, page 83; Heyser v. Commonwealth, 25 Ky. Law Rep., 608; Conley v. Commonwealth, 98 Ky., 125; Weber v. Commonwealth, 24 Ky. Law Rep., 1727.)

OPINION OF THE COURT BY CHIEF JUSTICE O'REAR—Affirming.

Appellant was indicted and convicted of a felony, charged with stealing chickens of the value of more than $2. The indictment was returned under the act of the General Assembly approved March 17, 1904, as follows:
"An act to regulate crime and fix the punishment therefor.

"Be it enacted by the General Assembly of the Commonwealth of Kentucky:

"1. If any person shall steal chickens, turkeys, ducks, or other fowls of the value of $2 or more, he shall be confined in the penitentiary not less than one nor more than five years."

Acts 1904, p. 83, c. 29.

Appellant complains of this act because he insists the title does not express its subject, and is therefore in contravention of section 51 of the Constitution, which reads:

"No law enacted by the General Assembly shall relate to more than one subject and that shall be expressed in the title."

The title of this act is the regulation of crime by the fixing of punishment therefor. It makes that a crime and a felony which was not previously a felony, and prescribes a punishment for it. It is not essential to the validity of an act creating a felony that the title should describe the conditions under which it shall become effective, nor is it obnoxious for an act to create the crime and prescribe the punishment, as the matter of the description of the crime and the fixing of the punishment are not two subjects. It is dealing with two features of the same subject. Both are germane to the title. Indeed, it is not possible to legislate on the subject otherwise. No penal statute could be effective that did not create the crime, if it was not one already existing at the common law, without at the same time prescribing the penalty for it. The statute in question does not, in our opinion, violate section 51 of the Constitution.

Judgment affirmed.