## Fry, et al. v. Commonwealth.

(Decided November 11, 1915.)

Appeal from Bullitt Circuit Court.

1.  Statutes—Title of Act Denouncing Stealing of Fowls.—The Act of March 17, 1904, Kentucky Statutes, Section 1201c, fixing a penalty for stealing fowls of the value of two or more dollars, and entitled "An act to regulate crime and fix the punishment therefor" is not violative of Section 51 of the Constitution which provides that the title of the Act shall express the subject thereof.
2.  Constitutional Law—Constitutional Guaranty Against Cruel Punishments.—The Act of March 17, 1904, fixing a penalty of not less than one nor more than five years in the penitentiary as the punishment for the crime of stealing fowls of the value of two or more dollars does not contravene the constitutional guaranty against cruel punishments preserved in Section 17 of the Constitution.

CHAS. CARROLL, C. T. CARROLL, BEN CHAPEZE and J. R. ZIMMERMAN for appellants.

JAMES GARNETT, Attorney General, and OVERTON S. HOGAN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE HANNAH—Affirming.

The appellants were tried under an indictment returned against them in the Bullitt Circuit Court and found guilty of the offense of stealing ducks of the value of two dollars or more. Their punishment was fixed by the jury at not less than one nor more than two years in the penitentiary. They appeal.

1. The prosecution is under the Act of March 17, 1904, section 1201c, Kentucky Statutes, which provides that if any person shall steal chickens, turkeys, ducks or

other fowls of the value of two dollars or more, he shall be confined in the penitentiary not less than one nor more than five years.

The title of this act is "An Act to regulate crime and fix the punishment therefor." It is contended by appellants that this title contravenes section 51 of the Constitution, which provides that no law enacted by the General Assembly shall relate to more than one subject, and that shall be expressed in the title.

In Bowman v. Hamlett, 159 Ky., 184, 166 S. W., 1008, the court said:

"This section of the Constitution has always been liberally construed, all doubts being resolved in favor of the validity of the legislative action. The purpose of this constitutional provision is the prevention of surreptitious legislation; as said in Cooley on Constitutional Limitations: 'To prevent surprise or fraud upon the legislature by means of provisions in bills of which the titles gave no intimation, and which might, therefore, be overlooked and carelessly or unintentionally adopted.' So having in mind the purpose of this provision and the evil against which it it aimed, before any act of the General Assembly should be nullified by this court upon the ground that the subject of the act is not expressed in the title by reason of a variance between the title and the body of the act, it should be made to appear, and the court should be satisfied, that the variance complained of is such as to bring it within the range of the evils sought to be guarded against, and such as to justify its condemnation upon that ground alone."

It has many times been held by this court that there is a sufficient compliance with the requirements of section 51 of the Constitution when the provisions of the act all relate to the same subject and are naturally connected and are not foreign to the subject expressed in the title. Williams v. Wedding, 165 Ky., 361, 176 S. W., 1176, and authorities therein cited.

And, while it may be conceded that the title of the act in question does not mention the stealing of fowls, still it cannot be said that such legislation is foreign to the subject expressed in the title.

Moreover, the contention now presented by appellants was settled in favor of the constitutionality of the act by this court in the case of Diamond v. Commonwealth, 124 Ky., 418, 99 S. W., 232, 30 R., 655. In that case this

same act was attacked because of the alleged defect in its title; and the court held that there was a sufficient compliance with the requirements of section 51 of the Constitution. We are not disposed to recede from the position then taken.

2. But appellants further contend that the act in question is violative of section 17 of the Constitution, which prohibits the infliction of cruel punishments, it being argued that a punishment of not less than one year in the penitentiary for stealing fowls of the value of two dollars or more is such as to contravene this constitutional provision.

In Harper v. Commonwealth, 93 Ky., 290, 19 S. W., 737, 14 R., 163, it was contended that a statute imposed a cruel punishment within the purview of the Constitution. This court said:

"And, if it requires confinement in the penitentiary and disfranchisement to prevent or check the practice, the legislature has the constitutional right, and it is its duty, to enact such a law. That body is necessarily the judge of the adequacy of the penalty necessary to prevent the crime. The court has no right to say that the punishment is cruel and unconstitutional unless it clearly and manifestly so appears."

Appellants devote a considerable portion of their brief to a comparison of the punishments prescribed by statute for other offenses, with that prescribed for the offense of stealing fowls of the value of two dollars or more; but, as we view it, but little profit is derived from a consideration of the matter of punishments upon that basis.

Penal statutes are enacted in an effort to discourage the perpetration of the offenses denounced therein. The punishment that will tend to deter, in respect of one crime, must necessarily differ from that which will deter in respect of another. The offenses of perjury, false swearing, subornation of perjury, grand larceny, and feloniously breaking into a warehouse and others denounced by statute may be considered of higher grade than that of the stealing of fowls of the value of two dollars or more, but that does not constitute good reason why the penalty for the latter should not be equal to the penalty for the other offenses mentioned, if such a penalty is found to be necessary to deter persons from the commission of the offense of stealing fowls.

The punishment may have the appearance of being severe, but we are not inclined to say that it is clearly or manifestly cruel or in contravention of the constitutional guaranty relied upon and asserted by appellants.

Judgment affirmed.