## McPherson v. Commonwealth.

(Decided May 27, 1930.)

GARDNER K. BYERS, CLEM W. HUGGINS and THURMAN B. DIXON for appellant.

J. W. CAMMACK, Attorney General, and GEORGE H. MITCHELL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

This is an appeal from a judgment convicting appellant of bank robbery, and fixing his punishment at fifteen years' imprisonment.

The only ground urged for reversal is that the act under which appellant was convicted is unconstitutional. The act, which is now section 1159a, Kentucky Statutes, is chapter 43, Acts 1904, and reads as follows:

"An act to provide for more adequate punishment for bank robbery and safe blowing.

"Be it enacted by the General Assembly of the commonwealth of Kentucky:

"Section 1. That any person or persons who shall by force or violence, steal, take or carry away or attempt by such means to steal, take or carry away from any bank, money, notes, securities or any other thing of value or who shall, by means of explosives or any other force, unlawfully open or attempt to open, any safe belonging to or used by any person, firm, bank, or corporation or company in which is kept money, notes, securities, books or any other thing of value, shall be guilty of a felony; and upon conviction thereof be confined in the penitentiary, not less than two nor more than twenty years."

The validity of the act is challenged on the ground that it offends section 51 of the Constitution, which reads as follows:

"No law enacted by the general assembly shall relate to more than one subject, and that shall be expressed in the title, and no law shall be revised, amended, or the provisions thereof extended or conferred by reference to its title only, but so much thereof as is revised, amended, extended or conferred, shall be re-enacted and published at length."

The particular complaint of the title is that it purports to amend the law relating to bank robbery and safe blowing, when in fact there was no such statutory offense at the time of its passage. Because of the title it is argued that the Legislature might have assumed, and probably did assume, that it was increasing the penalty for an existing crime when in fact the act defined and created an entirely new statutory offense. It is therefore insisted that the title is not a true index of the body of the act, but is misleading and deceptive. Whether, if the title had purported to amend an existing law, and the body of the act had created a new statutory offense, the variance would have been sufficient to render the act invalid, we need not determine. The title does not purport to amend an existing law. It purports to provide a more adequate punishment for a particular crime. There is nothing in the title to indicate that the act would deal with the subject from the standpoint of prior legislation. On the contrary, the title is broad enough to indicate a purpose to deal generally with the crime,

regardless of the common-law rule or prior statutes. Under such title one would naturally expect to find in the body of the act the elements constituting the crime referred to in the title, as well as the provision relating to its punishment. This is the situation with respect to the act in question. The elements of the offense are fully set out. There is not a single provision foreign to the subject expressed in the title. All the provisions relate to the particular crime, and are naturally connected with, and germane to, the subject expressed in the title. In the circumstances, there is no basis for the contention that the title is deceptive or misleading. On the contrary, it is a fair index of the act, and clearly sufficient to apprise the General Assembly and the public of the character and extent of the legislation embraced in the body of the act. We are therefore constrained to the view that the title is sufficient, and that the act is not unconstitutional. Hyser v. Commonwealth, 116 Ky. 410, 76 S. W. 174, 25 Ky. Law Rep. 608; Fry v. Commonwealth, 166 Ky. 670, 179 S. W. 604.

Judgment affirmed.