## BOWLING v. COMMONWEALTH.

Court of Appeals of Kentucky.

Feb. 6, 1953.

S. E. Duff, Vernon Faulkner, Hazard, for appellant.

J. D. Buckman, Jr., Atty. Gen., and W. F. Simpson, Asst. Atty. Gen., for appellee.

MOREMEN, Justice.

Appellant, Hale Bowling, was convicted of the crime of setting up and operating a game of cards for compensation, an offense denounced by KRS 436.230. The punishment imposed was a fine of $500 and confinement in the state penitentiary for a period of one year.

Appellant urges reversal upon two grounds; (1) the instructions were erroneous; and (2) the evidence was insufficient to support the verdict and the court erred in overruling appellant's motion for a directed verdict of acquittal.

The pertinent portion of KRS 436.230 applicable here reads:

"(1) any person who, for compensation, percentage or commission, sets up, keeps, manages, operates or conducts a game of cards, oontz or craps, whereby money or anything of value may be won or lost or, with or without compensation, percentage or commission, assists in setting up, carrying on, managing, operating or conducting any game so set up, carried on, managed, operated or conducted for compensation, percentage or commission, shall be fined five hundred dollars, and confined in the penitentiary for not less than one nor more than three years."

The indictment charged that appellant set up the game and, therefore, we are concerned only with that portion of the above quoted statute which applies to a person who sets up the game, and not a person who assists in setting up.

The instruction complained of reads:

"If you shall believe from the evidence in this case, beyond a reasonable doubt, that the defendant, Hale Bowling, in this county, within twelve months before the finding of the indictment herein, wilfully, knowingly and feloniously, did set up, carry on, manage, operate or conduct a game of cards, whereby money or other things may be won or lost for compensation, on the 10th day of September, 1951, or within 12 months before you will find the defendant guilty and fix his punishment at a fine of $500.00 and costs, and confinement in the State Penitentiary for not less than one nor more than three years, in your discretion."

It may be noted by comparison of the instruction with the statute that the important and qualifying phrase, "for compensation," as used in the statute, has been removed from its important role of modifying the phrase, "any person who," to a place of less importance where its meaning becomes vague and uncertain. The gravamen of the crime charged is that a person acts for compensation. Subsection (2) of this same KRS 436.230 makes plain that persons engaged in such games are not subject to punishment unless they are instrumental in the management or operation of them. We believe the phrase, "for com-

914

pensation," should appear in the instruction at a place similar to the one it occupies in the statute so that its meaning will be clear to the jury.

■ We are further of opinion that under the evidence adduced at the trial, a verdict of acquittal should have been directed.

Only two witnesses were produced by the commonwealth, one of whom denied that she knew or had seen the appellant at or near the place where the card games were reported to have occurred. The other witness testified that appellant would play cards with anyone who wanted to play; that she had never watched them play, but had seen money lying on the table. She testified:

"Q. Just what did you see him do if anything, certainly?

"By the Court: Go ahead. You have told it once. Tell it again. A. Well, I have saw him play cards. How I know they were playing cards, I saw the cards and the money on the table.

"Q. That's all you saw him do? Did you see others play cards? A. I have.

"Q. He would have some one playing with him wouldn't he, always? A. Of course he would."

The commonwealth relies upon Harper v. Commonwealth, 93 Ky. 290, 19 S.W. 737; and Palmer v. Commonwealth, 240 Ky. 175, 41 S.W.2d 936. We believe, as we did in Dills v. Commonwealth, 287 Ky. 582, 154 S.W.2d 543, 544, that the proof in the case under consideration does not measure up to the quality of proof adduced in those prosecutions. In the Dills case, we said:

"Here Dills was specifically charged with setting up and operating a poker game for compensation, etc. The latter part of § 1960, K.S., seems to make it plain that those engaged in the game, unless they are instrumental in management, operation or control, are not punishable under this section of the statute.

"It is true, as contended by the commonwealth, that the actions of the appellant and the others present, and the presence of the cards, chips, and tables, present circumstances indicating that some kind of a game had been in progress. But do these circumstances, strong as they are, serve to show that Dills had been or was then operating or managing a game of chance for percentage or commission? Reluctantly we say we think not. In a prosecution for gaming the general rules of evidence governing criminal prosecutions prevail; the burden is laid on the state to prove the charges beyond a reasonable doubt."

We believe that reasoning is applicable here.

We have concluded that the case should be reversed and if, upon another trial, the evidence is substantially the same, a directed verdict of acquittal should be given.

Judgment reversed.