Tom **LAFOLLETTE** and George **Hurst**, Appellants,

v.

**COMMONWEALTH** of Kentucky, Appellee.

Court of Appeals of Kentucky.

Feb. 18, 1972.

Robert E. Bathalter, Falmouth, Kaufmann, Jolly, Johnson & Blau, in Newport and Falmouth, for appellants.

John B. Breckinridge, Atty. Gen., Robert W. Willmott, Jr., Asst. Atty. Gen., Frankfort, for appellee.

EDWARD P. HILL, Jr., Judge.

On June 4, 1971, the appellants were by a jury found guilty of hog stealing, and their punishment fixed at one year in the penitentiary. From that judgment of conviction they bring this appeal.

On March 15, 1971, Jack Marsh and his father observed two men running from the Marsh barn carrying something in gunny sacks. Marsh observed the men throw the sacks into a brown car and leave. Following in a car, Marsh saw five men, whom he could not identify, in the car. He made a note of their license number and then turned around to return to the barn to see what was missing. He discovered that three hogs were missing. Shortly thereafter, the car he had followed came back by the barn, and an investigation by Marsh and his father resulted in the discovery of the hogs still in the sacks by the roadside approximately one mile from the barn.

Upon a check of the license number it was found that the car belonged to a Gene Evans of Pendleton County. Mr. Evans explained that he had left the car with Randall Mains who was going to repair the transmission. Mains lived on a farm owned by appellant Lafollette and occasionally worked for him. Mains testified that five people, including the appellants, took the car on the morning of the theft. When they returned later in the day, they told Mains that they "got in trouble."

One of the five men in the car, Timmy Dickerson, having entered a plea of guilty,

testified and stated that both appellants were in the car when the hogs were stolen; that Lafollette was one of the men who went into the barn and got the hogs; and that coappellant Hurst remained in the car.

Both Hurst and Lafollette offered the defense of alibi.

The appellants present four questions on this appeal.

First appellants argue that RCr 9.62 required the sustaining of their motion for a directed verdict on the grounds that Mains was an accomplice and that there was no corroborating evidence as required by RCr 9.62; or in the alternative, if Mains was not an accomplice, then his testimony was insufficient to corroborate Dickerson's testimony. Both these contentions must fail. There is no evidence that Mains was an accomplice. He testified that the appellants were among the group who left in the car on the day in question and returned later in the day with the information that they got in trouble and someone took their license number. In addition, Marsh testified that he saw two men running from his barn, carrying sacks; that there were five men in the car; and that he copied the license number. The car was shown to be the same one the appellants and three others were in earlier in the day and later that evening.

Secondly, appellants allege that the trial judge erred in failing to instruct the jury to determine whether or not Mains was an accomplice. In the first place, Mains was not an accomplice as noted above; and in the second place, appellants made no objection at any time and did not file a motion for a new trial. This issue was not preserved for appeal. Hartsock v. Commonwealth, Ky., 382 S.W.2d 861 (1964); Hunt v. Commonwealth, Ky., 466 S.W.2d 957 (1971); and Baker v. Commonwealth, Ky., 465 S.W.2d 305 (1971).

Next appellants argue that the trial court should have declared a mistrial be-

**154**

cause of the trial judge's comment to appellants' counsel. This issue also is not preserved for appellate review as pointed out by appellee and conceded by appellants. This alleged basis of error must have been presented to the trial court no later than in a motion for a new trial. Conover v. Commonwealth, Ky., 473 S.W.2d 825 (rendered December 3, 1971).

■ Finally counsel for appellants argue that KRS 433.250(2) authorizes the imposition of cruel and unusual punishment and denies appellants equal protection of the law in that the statute differentiates between hogs and other personal property insofar as the value of the property and the penalties imposed are concerned. The offense of stealing property of a value of $100 or more is punishable by imprisonment of one to five years, and stealing hogs worth $4 or more is punishable by the same sentence.

This court held in Fry v. Commonwealth, 166 Ky. 670, 179 S.W. 604 (1915), that a companion statute to the one in question, which prohibits chicken stealing, did not impose cruel and unusual punishment. Insofar as appellants' equal protection argument is concerned, it is sufficient to say that a statute declaring larceny of certain domestic farm animals to be punishable by imprisonment of two to five years, without regard to the value of the animals, has been held not to be violative of the equal protection clause of the Constitution. Poole v. Florida, 129 Fla. 841, 177 So. 195, appeal dismissed 303 U.S. 619, 58 S.Ct. 611, 82 L.Ed. 1084. It would logically appear, therefore, that if the legislature could impose a sentence of two to five years for larceny of farm animals, without denying equal protection, it could state minimums which the value of the animals must exceed.

The judgment is affirmed.

All concur.