## Cornett v. Commonwealth.

(Decided January 13, 1925.)

### Appeal from Letcher Circuit Court.

Intoxicating Liquors—Evidence Held to Sustain Conviction of Manufacture.—Evidence held to make question for jury and to sustain conviction of unlawful manufacture.

R. MONROE FIELDS for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Appellant, who was convicted of manufacturing intoxicating liquor, insists that the evidence was not sufficient to take the case to the jury or to sustain the verdict.

The facts are these: The officers who made the raid went to appellant's home. At a point three or four hundred yards from his house they found a number of tubs, boxes, barrels of beer and molasses pan, but the still had been removed. Nearby they found a number of fruit jars, some empty, and others containing liquor, but all smelling of moonshine whiskey. One of the jars which was half full of moonshine was only fifty or sixty feet from appellant's house. Leading from appellant's house to the still site was a well defined path, and along the path there were fresh footprints made by shoes and bare feet, and

two of appellant's daughters went barefoot. There was no other pathway leading to the still except one used for the purpose of getting wood to operate the still. Some of the beer had been poured out, and had run down the branch. Near appellant's house the officers found a furnace and cane mill. There was no molasses pan there, but the one they saw at the still site was about the same size as the furnace. About the time of the raid appellant's daughters had purchased thirty-two fruit jars. There was further evidence that appellant's reputation for manufacturing whiskey was bad. Appellant was not at home at the time of the raid, and the still was not in operation. On the other hand, appellant testified that the still was not on his land, that he knew nothing of its existence, and that he had never been engaged in operating the still. He never used the pathway in question, but just walked through the ivy.

The case is not one where the only evidence of the guilt of the accused was the finding of a still near his home. In addition to that fact we have the well defined pathway leading from appellant's home to the still site, with fresh footprints showing that the path had been recently used by members of appellant's family. Not only had appellant's daughters purchased fruit jars, but the fruit jars which were found at the still site or near appellant's home either contained, or had contained, moonshine whiskey. When these and other circumstances are considered in connection with appellant's reputation, and the further fact that there was no other pathway leading to the still, there is no escape from the conclusion that they were sufficient to make appellant's guilt a question for the jury.

Judgment affirmed.