## Casey v. Commonwealth.

(Decided February 17, 1925.)

### Appeal from Pike Circuit Court.

1. Intoxicating Liquors—Evidence of Manufacturing Held for Jury. —In prosecution for manufacturing intoxicating liquor, evidence held sufficient to go to jury.

2. Criminal Law—Evidence that Person Other than Accused was Fined for Operating Still Held Inadmissible.—In prosecution for manufacturing intoxicating liquor, evidence that person other than accused was fined for operating still was properly excluded, in

view of showing that such person was engaged in running different still from one in question.

ROSCOE VANOVER for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHARLES F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Appellant was convicted of manufacturing intoxicating liquor, and his punishment fixed at a fine of $300.00 and 90 days in jail.

The principal ground urged for reversal is, that the evidence was insufficient to take the case to the jury, or to sustain the verdict. According to the officers they discovered a moonshine still and seven gallons of liquor about 300 yards from a house, which they were informed was occupied by appellant. A well beaten path led from the still to the house and they also found sled tracks leading from the still to barn lot. While appellant denied that he operated the still, and claimed that he was not occupying the house, he admitted that a few days before the still was discovered he moved a load of furniture to the house on a sled, but did not know what had become of the sled. From this evidence the jury had the right to conclude that the sled tracks from the still to the house and barn lot were made by the sled on which appellant had moved his furniture to the house, and, he having failed to account for the presence of the tracks, or to show that they were made when the sled was being used for a proper purpose, we conclude that the evidence was sufficient to connect appellant with the operation of the still in such a way as to make his guilt a question for the jury.

The further point is made that the court erred in excluding evidence to the effect that George Casey was indicted and fined for operating a still. The argument is, that evidence that the still was being operated by George Casey would tend to show that appellant was not engaged in its operation. Not only did appellant fail to avow that Casey was fined for manufacturing liquor on the same still, but it subsequently developed that Casey was engaged in running a different still. That being true, the excluded evidence was without probative value on the question of appellant's guilt, and was properly excluded.

Judgment affirmed.