## McCall v. Commonwealth.

(Decided September 29, 1925.)

### Appeal from Letcher Circuit Court.

1. Intoxicating Liquors—Evidence of Path from House to Still Held Not Sufficient for Conviction.—In a prosecution for manufacturing whisky, conviction cannot be sustained where the only evidence connecting accused with possession of still was that a path could be followed from his house to the still.

2. Criminal Law—Where Evidence of Commonwealth, if True, is Consistent with Accused's Innocence, Verdict of Guilty Not Sustained.—Where all the evidence of the Commonwealth, if true, can be reconciled with accused's innocence as readily as with his guilt, a verdict of guilty cannot be sustained.

D. D. FIELDS & DAY for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—Reversing.

Appellant, Jim McCall, prosecutes this appeal from a judgment of the Letcher circuit court imposing upon him a fine of $100.00 and imprisonment for sixty days as a penalty for manufacturing whiskey. It is insisted for him that the verdict of guilty is flagrantly against the evidence.

The Commonwealth introduced the following proof as tending to establish appellant's guilt: Two witnesses discovered a still set up and ready for operation and near it about two hundred gallons of mash. One of the witnesses testified that the still was located a quarter of

a mile or more from appellant's residence, the other that it was three-fourths of a mile or more distant. Appellant was not seen anywhere near the still. None of the articles found at or about the still were identified as belonging to him. Other people were shown by the evidence to live as close to where the still was found as did appellant. The Commonwealth did not prove that the still was located on appellant's land, and he swore that it was not. The only testimony introduced for the Commonwealth tending to connect appellant with the ownership or possession or operation of the still was the fact that from his residence, located on the mountain side, a path ran through his garden to the branch at the bottom of the ravine. A path also ran up the ravine some distance, following the course of the branch, thence up the mountain side through a corn field and thence through a forest to the place where the still was found. The evidence discloses that a wagon road led up the ravine as far as appellant's home. The evidence did not establish that the path which led up the ravine above appellant's home might not have been made and used by those traveling up the ravine from below appellant's home. The witnesses testified as to finding meal scattered along the path, but it was found after leaving the branch and some distance from appellant's home. There was no evidence of meal being found on the path leading from appellant's residence through his garden to the branch in the ravine. Appellant denies any knowledge of the existence of the still and the ingredients for making whiskey found by the witnesses for the Commonwealth. He testified that the path leading from his residence through his garden to the branch in the ravine below his house led to the place on the branch used by his wife in doing the family washing and that the path was made by her and the children while being used for that purpose. In short, the only testimony introduced for the Commonwealth to connect appellant with the crime charged was the evidence that a path could be followed from his residence to the place where the still was found. A number of cases have been before this court in which, among other facts and circumstances, the Commonwealth has proved the existence of a pathway leading from the residence of the accused to the site of the still. (See Vansant v. Commonwealth, 204 Ky. 489; Cornett v. Commonwealth, 206 Ky. 585; Casey v. Commonwealth, 207 Ky. 383; Ratcliff v. Commonwealth, 207 Ky. 88; West v. Commonwealth, 208 Ky. 182;

McKinney v. Commonwealth, 208 Ky. 322.)  A reading of those cases, however, will disclose that the existence of the pathway was only one among a number of circumstances proved as tending to connect the accused with the commission of the crime charged.   Here no such state of case is presented.   The only fact proved is the existence of a pathway.   The pathway leading up the ravine, so far as the evidence discloses, may as well have been made by persons traveling up the ravine from below appellant's residence as by persons traveling up the ravine from appellant's residence.   All the facts and circumstances proved by the Commonwealth may be admitted as true and yet be reconciled with appellant's innocence as readily as with his guilt.   In that state of case this court has uniformly held that the evidence is not sufficient to sustain a verdict.

Wherefore, the judgment is reversed and the cause remanded for further proceedings consistent herewith.