## Fordson Coal Company v. Pleasnick.

(Decided October 5, 1926.)

### Appeal from Pike Circuit Court.

1. Waters and Water Courses.—One constructing bridge over stream is not liable for damages from overflows, caused by such extraordinary rains or floods as could not have been anticipated.
2. Waters and Water Courses.—Evidence that flooding of plaintiff's property was due to defendant's construction of bridge over stream held insufficient to go to jury.
3. Waters and Water Courses.—One purchasing land after construction of bridge over creek has no cause of action for damages for flooding of property by reason of negligent construction of bridge.

HARMAN, FRANCIS & HOBSON, CLIFFORD B. LONGLEY and WALLACE R. MIDDLETON for appellant.

J. C. CANTRELL for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE— Reversing.

Appellee, Eva Pleasnick, recovered judgment in the Pike circuit court against appellant, Fordson Coal Company, for $300.00, and appellant has moved for an appeal. The action in which the judgment was rendered sought to recover damages against appellant upon the theory that it had negligently constructed a bridge across

Pond creek in such a way as to obstruct the natural flow of the water from usual and ordinary rainfall, causing the stream to overflow and get into her residence with great consequent damages.

It is insisted for appellant that the trial court erred in refusing to peremptorily instruct the jury to find for it at the close of the evidence. These facts appear: About 1913, the Norfolk and Western Railroad Company erected a bridge across Pond creek consisting of two 40-foot spans, supported by the abutments on either side of the creek, and a single pier in the center. As constructed there was beneath that bridge an unobstructed area of 220 square feet through which the stream could flow. After that bridge was constructed appellee, Pleasnick, purchased a tract of land immediately above it and erected a dwelling house. The floor level of her home appears to have been approximately 2½ feet lower than the level of the rails of the railroad which crossed the bridge. After appellee built her home appellant, Fordson Coal Company, constructed two bridges across Pond creek immediately below the railroad bridge. The upper bridge was 70 feet in length from abutment to abutment and the lower one 68. Each of these bridges was supported by the abutments and four timber bents spaced equal distance from each other. Due to the fact that the abutments and bents in the two latter bridges were higher than the abutments and pier in the railroad company's bridge and that their girders were not so wide, the upper of appellant's bridges when completed had an unobstructed area of 398 square feet through which the stream could flow, and the lower one an unobstructed area of 344 square feet. Subsequently and immediately below appellant's two bridges a bridge was constructed across the creek on one of the public highways consisting of two 27-foot spans supported by the abutments on either side of the creek and a single pier in the center. As constructed the unobstructed area left under this bridge was 235 square feet. On September 14, 1924, a flood came in Pond creek, the crest of which, according to her evidence, was about a foot deep in appellee's home. With reference to the flood in the creek on that occasion, appellee herself testified that it was the largest she had ever seen. The only other witness who testified for her on that subject, who lived above appellee on the creek, and where it could not have been affected by the bridges in question, stated that

only one other tide in his memory had been as high as this and that between the date of that tide and before this one the bed of the creek had been dredged with a steam shovel until it was two feet deeper than it had been. All of the witnesses for appellee testifying on the subject stated that this was an unusual and extraordinary rainfall and that the flood in the creek on this occasion was as high or higher than it had ever been known to be before, although shortly before this the bed of the creek had been dredged with a steam shovel some two feet deeper than it had ever been before. The water rose to about half the width of the steel girder supporting the railroad bridge, about 2½ feet, but did not get high enough to reach the girders of either of appellant's bridges or of the highway bridge.

As was written in L. & N. R. R. Company v. Conn, 166 Ky. 327, 179 S. W. 195:

> "It is the well settled rule in this state that one who constructs a bridge over a stream is liable only in the event that the bridge obstructs the passage of water that accumulates from such ordinary and usual rainfalls in the vicinity as might have been anticipated by persons of ordinary prudence and experience. He is not liable for damages growing out of overflows which were caused by extraordinary rains or floods, i. e., such floods or rains as are of such unusual occurrence in the vicinity that they could not have been anticipated by persons of ordinary experience and prudence. C., St. L. & N. R. Co. v. Hoover, 147 Ky. 37; Southern Ry. Co. v. A. M. E. Church's Trustee of Harrodsburg, 121 S. W. 972; Wallingford v. Maysville & B. S. R. Co., 107 S. W. 282."

In view of the undisputed evidence in the record that the rain on the occasion in question was extraordinary and unusual and that the resulting flood was of the same character, especially in view of the undisputed testimony that appellant's two bridges were so constructed as to leave nearly twice as much unobstructed area for the flow of the stream as either the railroad bridge or the highway bridge, it seems extremely difficult to find evidence herein upon which this case can be submitted to the jury. Due to the fact that appellee purchased her

land and erected her dwelling house thereon as near the level of the bed of the creek as she did after the railroad bridge had been constructed, she, of course, could have no cause of action against the railroad company for its negligence, if any, in constructing the bridge, because the damage had attached and she purchased the land rendered less valuable thereby in its then condition. Appellant's two bridges having nearly twice the unobstructed area that the railroad bridge had through which the water of the stream might flow, and in view of the fact that the water of the flood arose approximately 2½ feet on the steel girders supporting the railroad bridge and lacked approximately a foot of reaching the bottom of the girders of appellant's bridges, it seems extremely difficult to give any weight to appellee's testimony that the water was caused to arise in her home because of the presence of appellant's bridges across the stream and not on account of the presence of the railroad company's bridge, granted that there is evidence in the record that some drift and debris lodged against the bents supporting appellant's bridges. In view of the undisputed evidence as to the extraordinary character of the rainfall on the occasion in question, in the light of the other undisputed facts appearing in the record, we are constrained to hold that appellee did not make a case sufficient to go to the jury, and that the trial court erred in failing to peremptorily direct a verdict for appellant. With that view of the case we deem it unnecessary to discuss and determine the other questions presented.

Judgment reversed and cause remanded for further proceedings consistent herewith.