### Bartley v. Commonwealth.

(Decided October 8, 1926.)

## Appeal from Pike Circuit Court.

1. Intoxicating Liquors.—Proof of possession of means of making liquor held insufficient to take case to jury in prosecution for manufacturing liquor.

2. Criminal Law.—Testimony of issuing justice, who kept search warrant at expiration of term of office, held competent to show loss of writ and also to prove its contents.

PICKLESIMER & STEELE for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

The appellant was indicted for the offense of unlawfully manufacturing intoxicating liquors, and from the judgment of conviction under such indictment he brings this appeal.

The evidence shows that, armed with a search warrant, the officers of the law went to Bartley's home and there made a search. They discovered in the barn a cap, a worm and some beer, and in a little drain back of the house on the edge of the woodland a "stove still." No whiskey was discovered. The evidence further shows that the appellant's reputation as an illicit manufacturer of intoxicating liquors was bad. It is also shown that the appellant on being arrested after the discovery of the still, and on being taken before the magistrate for the purpose of giving bond, said that he was guilty, but guilty of just what offense is not apparent from this record. It is fair to assume, however, that as this indictment had not then been found and as his place had been searched under a search warrant, which commanded the officers to search it for whiskey, vessels and materials used in the manufacture of whiskey, which articles were alleged to be in appellant's possession, the affidavit on which the search warrant was based charging appellant with such possession, the appellant's confession of guilt went to such possession. Although on these facts the appellant may be guilty of the offense of unlawfully possessing an illicit still, yet the evidence utterly fails to establish any manu-

facturing on his part, which is the essence of the offense for which he was indicted. In Johnson v. Commonwealth, 210 Ky. 398, 276 S. W. 125, we said:

"To sustain this charge (unlawfully manufacturing) it was necessary to show, either by direct or circumstantial evidence, that appellant actually made intoxicating liquor. . . . In other words, proof of possession of the means of committing an offense is not alone sufficient to show that the offense was committed."

All that we have here is the proof that the appellant was in possession of the means of committing the offense, but there is not the slightest bit of evidence that he ever actually manufactured any whiskey. It results therefore that his motion for a peremptory instruction at the close of the Commonwealth's testimony should have been sustained.

As this case must be retried, it is proper to add that we are of opinion that the evidence concerning what was found under the search warrant was properly admitted. Appellant argues that it was not because the search warrant under which the search was made was not produced at the trial nor its absence or loss properly accounted for. It appears that this search warrant was issued by Franklin Greer, who was then a justice of the peace of Pike county, and was returned to him after its execution. Before this case came on to be tried his term of office expired and another man was elected in his place. On the trial Greer testified that, in turning over the papers of his office to his successor, he did not turn over to him this search warrant because he thought that he should retain it in order to testify with it in this case when it came on to be tried. He further testified that he had lost this search warrant and had been unable to find it after diligent search. Appellant argues that it was incompetent to prove by the testimony of Greer that this search warrant was lost and that the only one who was competent to prove its loss was Greer's successor in office. He relies on the case of Craft v. Commonwealth, 196 Ky. 277, 244 S. W. 696, where we said:

"The judicial officer issuing a search warrant becomes, after such warrant has been executed and returned to him, its legal custodian, and charged with the duty of filing and preserving it as other like

documents and records of his office are required to be kept by him. He therefore is primarily the person to be called on to testify as to the authenticity or genuineness of such writs as may have been issued by or returned to him, or to account for their absence from his custody, and, if lost, what effort has been made to ascertain that fact or to find or restore them. The official documents or writs do not appear of record, or were once of record and lost, must be proved by the sworn testimony of the person who is the legal custodian of the document, writ or other record; such custodian, if accessible, being the only competent witness in such case.''

It will be observed from reading the foregoing excerpt from the opinion of the court that its reasoning is based on the premise that the writ "has been *executed and returned*" to the one charged after such return with its legal custody. With such premise, the writ is presumed to remain in the custody of such person, and the conclusion of course follows that he is ordinarily the only competent person to prove the loss of such writ. But when it is shown that the writ was never returned to and never came into custody of such person, then the presumption that he has such custody no longer obtains. It would be a vain thing to introduce him to prove that he has not the possession of a writ which it is known never came into his possession. He could not prove the loss of a writ, the possession of which he never had. Greer, the person who issued the warrant, to whom it was returned and who last had the search warrant in this case, was produced and he testified that it was lost. His testimony as to the loss of the writ was competent, as was also his testimony as to its contents. Miller v. Commonwealth, 201 Ky. 423, 237 S. W. 3. The court then committed no error in permitting evidence as to what was found under the search warrant to be introduced. However, for the reasons first stated, the judgment herein must be reversed, with instructions to grant appellant a new trial in conformity to this opinion.