## Keel v. Commonwealth.

(Decided October 12, 1926.)

### Appeal from Pike Circuit Court.

Indictment and Information—Evidence of Possession of Unlawful Aticles Held Variance from Charge of Unlawful Manufacture of Intoxicating Liquor which Warrants Reversal of Conviction Under Latter Charge.—Where appellant was convicted for unlawful manufacture of intoxicating liquors upon evidence which indicated only unlawful possession of unlawful articles in question, held that there was a variance between offense charged and that proved which warranted reversal of conviction.

FRANK P. DAMRON for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Reversing.

This is an appeal from a conviction for the unlawful manufacture of intoxicating liquors in which appellant's penalty was fixed at a fine of $400.00 and sixty days in jail.

It appears from the evidence that the appellant with his family lived in the same house with his sister-in-law, a widow. Acting under the authority of a search warrant the officers searched the premises and found a small still and worm in a coffee sack. These articles bore no evidence of having been recently used and no other apparatus or material used in the manufacture of intoxicating liquors; or any character of liquor was found; though there is some evidence of appellant having a bad reputation in this respect. This evidence may have been sufficient to have sustained a verdict for the unlawful possession of the articles in question but not to sustain a verdict for the manufacture of intoxicating liquor. Appellant may have used these articles previously or he may have intended to use them in the future, but it cannot be said with any degree of certainty that he had actually engaged in such manufacture. It seems that the Commonwealth mistook its case and that there is a variance between the offense charged in the indictment and that proven.

Wherefore, the judgment is reversed and cause remanded for proceedings consistent with this opinion.