## Brockman v. Commonwealth.

(Decided January 14, 1927.)

### Appeal from Jackson Circuit Court.

Intoxicating Liquors—Evidence Held Not to Sustain Conviction of Manufacturing Intoxicating Liquors or of Owning or Possessing Still (Kentucky Statutes Supplement 1924, Sections 2554a-3, 2554a-4).—Evidence of finding still on land of another than defendant, and of latter's bad reputation as illicit manufacturer of intoxicating liquors, held not to sustain conviction of manufacturing such liquors, in violation of Kentucky Statutes Supplement 1924, section 2554a-3, or of owning or possessing an illicit still in violation of section 2554a-4.

L. C. LITTLE for appellant.

FRANK E. DAUGHERTY, Attorney General, and JOHN ] CUSICK for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Reversing.

Under an indictment from which it is impossible to determine whether the Commonwealth was accusing the appellant of the offense denounced by section 2554a-3 of the Kentucky Statutes, Supp. 1924, or that denounced by section 2554a-4 of those statutes, the appellant on his trial was found guilty and sentenced to pay a fine of $400.00 and to serve 5 months in the county jail. From the judgment, he brings this appeal.

Although the indictment was plainly demurrable, no demurrer was interposed to it. In the absence of the in-

structions of the court from the bill of exceptions, we are unable to state just what offense of the two above noted was submitted to the jury. The sole ground relied on for reversal is that the appellant was entitled to a peremptory instruction, and, no matter for which of the two offenses he was tried, he is correct in his contention.

The evidence in this record shows that the Commonwealth's witnesses, on their way up a public road which ran by the side of a creek, stopped by the appellant's home and invited him to accompany them on a visit they were making in the neighborhood. This he did. As they rode up the road, the Commonwealth's witnesses noticed about three-quarters of a mile away from the appellant's home some smoke coming out of the bushes on the opposite side of the creek. On a subsequent day these Commonwealth's witnesses went to the place where they saw this smoke and discovered a still which had been recently operated. It is not shown that this still was located on the appellant's property, although it is shown that it was just a little distance away from a corn field he either owned or cultivated. It is also shown that just beyond the still a path led from the public road across the creek and then turned and ran in an opposite direction from the still towards the house of one Isaacs. But it is not shown that this path led to the still or even very near to it. It is further shown that this path was used by people in the neighborhood in order to cross the creek at this point. Lastly, the Commonwealth proved that the appellant had a bad reputation as an illicit manufacturer of moonshine liquor. The appellant denied the ownership or possession of the still and even knowledge of it, and also that he had operated it. This was all the evidence before the jury.

It is patent that there was not even a scintilla of evidence of guilt, and we are at a loss to understand why the circuit court ever submitted such a case to the jury. The still was found over three-quarters of a mile away from appellant's home. It was not found on any land of his. No path led from his home or property to the still. Indeed no path led to the still at all. All that we have is a still found on some third person's land and a bad reputation on appellant's part as an illicit manufacturer of intoxicating liquors. These facts make this case remarkably like that of Lakes v. Commonwealth, 200 Ky.

266, 254 S. W. 908, where we pointed out in no uncertain fashion that testimony concerning the bad reputation of the accused as a violator of the prohibition law, although admissible, would not alone sustain a conviction and where, in passing on the facts of that case, we said:

"That the mere fact of finding the still, located where it was, under the proven circumstances, was insufficient to create other than a mere surmise as to the existence of even a possibility that the defendant might have been its owner is perfectly manifest, and with it eliminated the only remaining substantive testimony was that relating to the defendant's reputation, which, as we have seen, was insufficient to sustain the conviction, and the court erred in overruling defendant's motion for a peremptory acquittal."

The judgment is reversed, with instructions to grant the appellant a new trial in conformity with this opinion.