## Ratliff v. Commonwealth.

(Decided March 1, 1927.)

## Appeal from Pike Circuit Court.

Intoxicating Liquors—Proof of Possession of Corn Beer and Reputation for Selling, Possessing, and Drinking Whiskey is Insufficient for Jury on Question of Manufacture.—To sustain charge of manufacturing intoxicating liquor, commonwealth must show by direct and circumstantial evidence that accused actually made such liquor, and mere proof of his possession of quantity of corn beer and reputation for selling, possessing, and drinking whiskey is insufficient to take case to jury.

ROSCOE VANOVER for appellant.

FRANK E. DAUGHERTY, Attorney General, and J. P. CUSICK for appellee.

Opinion of the Court by Chief Justice Clay—Reversing.

Appellant was indicted for manufacturing intoxicating liquor. The jury found him guilty and fixed his punishment at a fine of $100.00 and 60 days in jail.

In view of the conclusion of the court we need not determine whether the affidavit for the search warrant was sufficient.

The officer making the search testified that he found three barrels of corn beer in appellant's barn. The beer was ready for use, but he did not discover any still or other apparatus used in the manufacture of intoxicating liquor, nor did he testify that the beer itself was intoxicating. The only other witness testified that he had never heard appellant accused of manufacturing, but that his reputation for engaging in the illegal traffic of whiskey and having and drinking whiskey was bad.

To sustain a charge of manufacturing intoxicating liquor it is necessary for the commonwealth to show, either by direct or circumstantial evidence, that the accused actually made intoxicating liquor. Mere proof that the accused had in his possession a quantity of corn beer, although accompanied by evidence that his reputation for selling, possessing and drinking whiskey was bad, is not sufficient to authorize the submission of the case to the jury. Johnson v. Commonwealth, 210 Ky. 398, 276 S. W. 125; Bartley v. Commonwealth, 215 Ky. 850, 287 S. W. 22; Keel v. Commonwealth, 216 Ky. 63, 287 S. W. 211; Brockman v. Commonwealth, 217 Ky. 588, 290 S. W. 315.

It follows that appellant's motion for a peremptory instruction should have been sustained.

Judgment reversed and cause remanded for a new trial consistent with this opinion.