## Maggard v. Commonwealth.

## Boggs v. Commonwealth.

(Decided March 4, 1927.)

## Appeals from Letcher Circuit Court.

1. Intoxicating Liquors—Evidence Held Insufficient to Take Case to Jury in Prosecution for Manufacturing Liquor.—Evidence held insufficient to take case to jury, in prosecution for manufacturing liquor, where officers found place where still had been operated 300 yards from home of one defendant.

2. Intoxicating Liquors—To Sustain Charge of Manufacturing Liquor, it Must be Shown that Defendant Made or Assisted in Making Liquor.—To sustain a charge of manufacturing liquor, it is necessary to show, either by direct or circumstantial evidence, that defendant actually made intoxicating liquor or assisted another in so doing.

3. Intoxicating Liquors—Circumstantial Evidence, to Convict of Manufacturing Liquor, Must Make Highly Improbable Every Reasonable Hypothesis of Innocence.—Though conviction for manufacturing liquor may be had on circumstantial evidence, such evidence, when alone relied on, must be such as either to destroy or make highly improbable every reasonable hypothesis of innocence.

JOHN D. W. COLLINS and F. G. FIELDS for appellants.

FRANK E. DAUGHERTY, Attorney General, and JOHN P. CUSICK for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—Reversing on each appeal.

Appellant Boggs resides in a remote section of Letcher county on the Cumberland river. Appellant Maggard resides in Lincoln county, but formerly resided in the locality where Boggs lives, and at the time of the occurrences here involved was visiting at Boggs' home.

At the January term of the Letcher circuit court they were each indicted in separate indictments charged with the manufacture of liquor.

By agreement the two cases were heard together, and the evidence in one applied to both.

They were each found guilty, and a fine of $300.00 and a jail sentence of 60 days adjudged against each.

The only question necessary to determine is whether the defendants were entitled to directed verdicts of not guilty, which they asked for when the evidence was heard.

The evidence shows that about 300 yards from the home of Boggs on the side of a mountain some officers found a place where at some time somebody had evidently operated a still, but they found no still and no worm. They only found some fermenters, barrels, etc., which might have been used in such manufacture. The evidence also shows that there were two paths which ran to a point on the hillside near to the location where they found these things, and where the still had been operated, and that one of these paths went into the public road at a point some 60 yards from Boggs' house, and the other led in a different direction toward the house of another man living in the same locality, and about equally distant from the former still site.

After finding these things the officers searched Boggs' home without a search warrant, but they found nothing there to indicate that he or anybody at his home was operating that still. They found there only a keg or half barrel which his wife used in doing her washing, and a small receptacle like a keg which his little child used as a stool.

The evidence fails to disclose that either of appellants was ever seen in the operation of that or any other still, or that there was in their possession any utensils indicating they had so operated it. The location fixed by the officers was not on the land of either of them, but is said to be upon what the witnesses refer to as "company land," doubtless meaning that some corporation owns there a large body of wild lands. The evidence discloses that it is a wild, rough country, and that the still site was not within view from Boggs' home.

The commonwealth's testimony also shows that each of appellants has a bad reputation as to the handling and making of illicit liquor.

Obviously the evidence was insufficient to take the cases to the jury, or to support verdicts of guilty. It was not even shown that either of defendants was in possession of any of the articles the officers found which are

used in the manufacture, and even if either had been, under the authority of Bartley v. Com., 215 Ky. 850, that evidence, with the other introduced, would still have been insufficient.

To sustain such a charge it is necessary to show, either by direct or circumstantial evidence, that the defendant actually made intoxicating liquor or assisted another in so doing.

The proximity of Boggs' house to the still site, and the fact that a path leaving the public road near his home went to that still site, taken in connection with the reputation proven, only tends to create a suspicion that either one or both of appellants might have been connected with the operation of the still, but these facts combined are not inconsistent with their innocence. Of course defendants may be convicted of crime by circumstantial evidence, but such evidence when alone relied upon must be such as to destroy or make highly improbable every reasonable hypothesis of innocence.

The Attorney General's brief, with his customary candor and fairness, concedes that under the rulings of this court the evidence against the two appellants is insufficient, and that the directed verdicts should have been given.

The ruling of this court in similar cases will be found in Johnson v. Com., 210 Ky. 398; Cornett v. Com., 206 Ky. 585; Keel v. Com., 216 Ky. 63; Brockman v. Com., 217 Ky. 588.

In no case have we found the evidence so glaringly insufficient as in these two.

The judgments are each reversed, with directions to grant each appellant a new trial, and for further proceedings consistent herewith.