## Leedy v. Commonwealth.

(Decided May 3, 1927.)

### Appeal from Pike Circuit Court.

Intoxicating Liquors.—Conviction for unlawful manufacture of spirituous liquor could not be sustained by showing of mere presence of defendant at still when officer approached, where it was not shown still sites were on defendant's premises or connected therewith, or that defendant was participating in manufacture of liquor.

ROSCOE VANOVER and J. F. DISKINS for appellant.

FRANK E. DAUGHERTY, Attorney General, and JOHN P. CUSICK for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS— Reversing.

Pharoah Leedy was convicted of the unlawful manufacture of spirituous liquor. The evidence for the commonwealth as given by a deputy sheriff is in narrative form. It is as follows:

"I know the defendant, Pharoah Leedy. In Pike county, Ky., and within one year next before the finding of this indictment, I saw the defendant, Pharoah Leedy, at a place near the home of said Leedy and about 400 or 500 yards from the home of the said Leedy, and there were two barrels of mash made up, and it was the kind of material used in the manufacture of moonshine liquor. This was a new place and there was another man present, a brother of defendant. It looked like he was building a furnace for a moonshine still. The defendant was not doing anything. This was a new place and there had been no moonshine whisky made at this place. I did not find any still there or nothing, but the two barrels of beer, and I don't know whose land it was on. I looked around and not far from this place I found two other places where it looked like liquor had been made there."

Defendant testified:

"I did not own the mash spoken of by the witness Plymeal. I never did manufacture any whisky in my life at this place or any other place. This

mash spoken of by the witness Plymeal belonged to my brother.''

It will be observed that it was not shown that either of the alleged still sites were on defendant's premises, or in any wise connected therewith. It is not shown that defendant was participating in any way in the work in which his brother was engaged. His reputation in respect to the manufacture of liquor is not impeached. He postively denies any participation in the manufacture of liquor and testifies that the mash in question belonged to his brother and in this he is not contradicted. Under all the facts and circumstances we do not think his mere presence at the time of the officer's approach was sufficient to authorize a verdict of guilty against him. Johnson v. Commonwealth, 210 Ky. 398, 276 S. W. 125; Keel v. Commonwealth, 216 Ky. 63, 287 S. W. 11; Bartley v. Commonwealth, 215 Ky. 850, 287 S. W. 22; Ratliff v. Commonwealth, 218 Ky. 593, 291 S. W. 1012; Jones v. Commonwealth, 217 Ky. 427, 289 S. W. 676; Boggs v. Commonwealth, 218 Ky. 655, 291 S. W. 1053.

On another trial, if no other evidence is introduced, the court will direct the jury to find him not guilty.

Wherefore an appeal is granted, the judgment is reversed, and cause remanded for proceedings consistent with this opinion.