## Starks v. Commonwealth.

(Decided April 27, 1928.)

### Appeal from Barren Circuit Court.

Intoxicating Liquors.—Evidence in prosecution for manufacturing liquor failing to show that any intoxicating liquors were found on or about premises adjacent to still, or that mash was in such a state or process of fermentation that it produced or would produce intoxication, but merely showing possession by defendant of paraphernalia sufficient to manufacture liquor, held insufficient to authorize submission of case to jury.

E. H. SMITH for appellant.

FRANK E. DAUGHERTY, Attorney General, for appellee.

OPINION OF THE COURT BY COMMISSIONER WHEELER— Reversing.

The appellant was indicted in the Barren circuit court on the charge of manufacturing liquor, it being the second offense, and was tried on June 21, 1927, by jury and found guilty on said charge and his punishment fixed at three years' confinement in the state penitentiary.

The appellant duly filed motion and grounds for a new trial and, the same being overruled by the court, has prosecuted his appeal to this court. The grounds on which the appellant asked for a new trial are:

(1) Because the court erred in refusing to instruct the jury to find defendant not guilty when requested so to do at the conclusion of all the evidence for the commonwealth.

(2) Because the verdict was against the evidence.

To determine the propriety of the ruling of the court, which is complained of herein, it will be necessary to state the evidence.

The first witness introduced by the commonwealth was Willis Martin, who stated that in the month of February, 1927, while working at a plant bed, he saw the defendant come to a nearby spring and take possession of a still located there and carry it over into an adjoining field, and the witness saw the still in the hollow by the spring, and likewise four barrels of "mash," a furnace, with a small quantity of ashes therein, and a few sticks of wood close by. He was asked by attorney for the commonwealth:

"Q. 23. Was it (referring to the four barrels of mash) about ready to run? A. I don't know about that, I never made any whisky."

The next witness introduced was Ed Matthews, sheriff of Barren county, who stated that about the 2d of February, 1927, Mr. Eb Pedens came and informed him that there was a still on his farm and asked him to see about it, and the same day he and a deputy, Hans Gassoway, went to the place directed by Mr. Pedens, near a spring on his farm, and there found three or four 50-gallon barrels, a furnace, and some wood. This question was asked by attorney for the commonwealth:

"Q. 45. Was the still in operation? A. No, sir; I think some one had moved it and carried it over to another field and set it down and tried to hide it, and Mr. Pedens went over there and carried it back and just laid it down, but there was some ashes there. I think it had been 'run' there."

It was further testified by him that it was about a 20-gallon still.

The plaintiff then introduced Eb Pedens, who testified that he went to a spring on the back of his farm where the first witness, Willis Martin, was burning a plant bed and there found the still, a furnace, and three barrels of mash.

"Q. 54. Was there something inside of the still? A. Yes, sir; a little of something, but I don't know what it was."

Witness immediately went after the officers, and when he returned some one had carried the still away.

That night the defendant came to the home of witness and said he wanted to see him, and, when asked what he wanted to seé him about, the defendant said, "That still." The witness told him that he had nothing to do with it—he had already turned it over to the officers. The defendant, being asked his name, replied that his name was Bill Jones. The defendant was identified by this witness as being the same man who came to his house on the evening the officers were there and took charge of the still.

Hans Gassoway, the deputy sheriff, accompanied the sheriff, Ed Matthews, and went to the place where the still was located and waited awhile for some one to come.

On cross-examination he was asked this question:

"Q  68.  You didn't see Jonah there, did you? A. No, sir."

The next witness introduced was Pink Roller, who, after describing the still and outfit at the place, was asked the following question:

"Q.  82.  Did you get anything to drink?  A. No, sir."

The reputatioin of the defendant was bad.

No evidence was offered by the defendant, and upon the testimony above the defendant was found guilty as herein stated.

It will be observed from the testimony that no witness states that any intoxicating liquors were found on or about the premises adjacent to the still, nor did any witness state that the mash was in such a state or process of fermentation that it produced or would produce intoxication, and, in order to convict the defendant on the charge of manufacturing intoxicating liquor, it must be shown that he did something more than to have in possession the paraphernalia sufficient to manufacture it. It was held by this court in the case of Ratliff v. Commonwealth, 218 Ky. 593, 291 S. W. 1012, by Chief Justice Clay: "To sustain a charge of manufacturing intoxicating liquor it is necessary for the commonwealth to show, either by direct or circumstantial evidence, that the accused actually made intoxicating liquor.  Mere proof that the accused had in his possession a quantity of corn beer, although accompanied by evidence that his reputation for selling, possessing and drinking whisky was bad,

is not sufficient to authorize the submission of the case to the jury"—and the motion of the appellant for a peremptory instruction should have been sustained; and also in cases of Johnson v. Commonwealth, 210 Ky. 398, 276 S. W. 125; Bartley v. Commonwealth, 215 Ky. 850, 287 S. W. 22; Keel v. Commonwealth, 216 Ky. 63, 287 S. W. 211, and Brockman v. Commonwealth, 217 Ky. 588, 290 S. W. 315.

All of the cases bear out the theory above quoted, and in view of same it is apparent that appellant's motion for a peremptory instruction should have been sustained.

Judgment reversed and cause remanded for a new trial consistent with this opinion.