## Marcum et al. v. Commonwealth.

(Decided January 15, 1929.)

BEGLEY & MOORE for appellants.

J. W. CAMMACK, Attorney General, and GEO. H. MITCHELL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE McCANDLESS—Reversing.

Billie Marcum, Elmer Marcum, and Luther Marcum were convicted on the charge of owning and possessing apparatus designed for the unlawful manufacture of intoxicating liquor.

These facts were shown in evidence: Oscar Winkler, a deputy sheriff of Estill county, had a warrant for the arrest of Tom Clarkston, who was staying at the home of Billie Marcum in Estill county. For the purpose of making the arrest, Winkler secreted himself upon Marcum's premises and saw Clarkston leave the Marcum residence and go to a nearby pond, from which he drew a bag of corn and scattered it upon the ground. He thereupon arrested Clarkston, and in so doing discovered that the corn was malt corn. He asked Clarkston the purpose of this, and Clarkston responded that the corn belonged to him and the defendants, Billie and

Elmer Marcum; that they had a moonshine still located on the farm of Billie Marcum in Jackson county, some 2 or 3 miles distant, describing its exact location. Witness carried Clarkston to jail in Estill county, but he later escaped, and is now a fugitive from justice. Witness also notified Wilburn Brandenburg, a deputy sheriff of Jackson county, of the information given by Clarkston; he and Brandenburg went to the place described, and there found two barrels of beer or mash, a tank, and a furnace stack. These articles were found in an old field on Billie Marcum's farm and about 150 yards from a corn field belonging to Billie Marcum, and from which a well-beaten path led to the still. They found no one present, but heard some one whistle.

Brandenburg corroborates the statements as to the finding of the still, but says it did not appear to have been operated at that place. Joe Pence testified that Billie Marcum's reputation was ''that he had been fooling with liquor.'' Other witnesses introduced by the commonwealth knew nothing of the defendant's reputation. The defendant Billie Marcum denied all connection with, or knowledge of, the malt corn or the apparatus mentioned; he owned the farm described, but had not been upon it since corn-planting time. Elmer and Luther Marcum are his sons, and live with him. Luther Marcum is 23 years of age, and was engaged in working on an oil lease at the time. Elmer was about 18 years of age, and he and Tom Clarkston, who also resided with him during the summer, cultivated the field of corn mentioned. On the morning of Clarkston's arrest he went to the town of Irvine and knew nothing of the occurrence. Luther and Elmer Marcum were not present at the trial, but Billie Marcum's affidavit was read as their depositions. This was a sweeping denial of all complicity in the transaction.

It is evident that Luther Marcum was entitled to a peremptory instruction. He did not own the land upon which the still was located, and is not shown to have been on those premises at all, and no witness testifies to any fact or circumstance connecting him with the transaction.

The evidence of Clarkston's confession was hearsay, and not competent against any of the defendants. 1 R. C. L. p. 574; Metcalfe v. Conner, Litt. Sel. Cas. page 497, 12 Am. Dec. 340; Frazier v. Com., 76 S. W. 28, 25 Ky. Law Rep. 461; Robertson's Criminal Law, sec. 1821. Omitting this confession, the only evidence against Billie

Marcum is that he had a reputation for "fooling with liquor," and owned the land upon which the still was found, but, inasmuch as the land was located 2½ miles from his home, and it was not shown that he had been upon the farm for several months before the apparatus was found, this would not constitute sufficient evidence to submit the issue to the jury.

Elmer Marcum's reputation is not shown. He did not own the land, but there was evidence that he and Clarkson cultivated a crop of corn thereon. We do not think this sufficient to authorize the conviction of an 18 year old boy. On another trial the commonwealth may strengthen this evidence, but, if it remains substantially the same, the court will direct a verdict of not guilty in favor of each of defendants.

Wherefore an appeal is granted, the judgment is reversed, and cause remanded for proceedings consistent with this opinion.