## Hopkins v. Commonwealth.

(Decided April 19, 1929.)

FRANCIS M. BURKE for appellant.

J. W. CAMMACK, Attorney General, and GEORGE HUNT MITCH-ELL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE McCANDLESS—Reversing.

Tom Hopkins has entered a motion in this court for an appeal from a judgment of conviction in the Pike circuit court for the unlawful manufacture of intoxicating liquors. The sole ground relied upon for reversal is that the verdict is not sustained by the evidence.

In behalf of the commonwealth, the sheriff and his deputy testify that under the authority of a search warrant they searched defendant's residence without discovering anything of an incrimnatory nature. They then followed a path a distance of 150 to 200 yards from the residence around the brow of a hill, and in an uninclosed woodland found a barrel of beer, a still site, and some indication of slop having been poured upon the ground a few days previously. The sheriff states that after they poured out the beer defendant said "for us to have a little drink," or, "If we were to find a little drink sticking around would we take a drink," and I told him, "No, if you have any hid where I can't find it I can't help it and all right with me, but I won't drink it."

The path continued beyond the still to the residence of Ben Hopkins, who lived almost as near thereto as did defendant. It was an old road, but bore evidence of having been freshly traveled. Neither of the commonwealth witnesses knew on whose land the still site was located. There was evidence that defendant's reputation was bad in reference to the unlawful use of liquor. The defendant denied ever having manufactured any liquor or having anything to do with the still site, or that this was on his land, and in these respects he is corroborated by his brother Ben. Summarizing this evidence it does not appear upon whose land the still site was located. The path was as contiguous to the home of Ben Hopkins as it was to the home of defendant. No intoxicating liquor was found, and the only material used in the manufacture of liquor discovered was the barrel of beer placed near the site where a furnace had stood and the further

fact that defendant had a bad reputation. Under re-peated adjudications of this court, this evidence was not sufficient to uphold a conviction for manufacturing intox-icating liquors. Lakes v. Com., 200 Ky. 266, 254 S. W. 908; Johnson v. Com., 210 Ky. 398, 276 S. W. 125; Bart-ley v. Com., 215 Ky. 850, 287 S. W. 22; Keel v. Com., 216 Ky. 63, 287 S. W. 211; Brockman v. Com., 217 Ky. 588, 290 S. W. 315; Ratliff v. Com., 218 Ky. 593, 291 S. W. 1012.

Wherefore the judgment is reversed, and cause re-manded for proceedings consistent with this opinion.