# Shelton v. Commonwealth.

April 21, 1950.

J. B. Johnson, Judge.

·J. B. Campbell for appellant.

A. E. Funk, Attorney General, and Wm. F. Simpson, Assistant Attorney General, for appellee.

JUDGE LATIMER—Reversing.

Appellant was convicted of the offense of possessing a "moonshine still" and given a fine of $250 and 30 days in jail.

The chief ground urged for reversal is insufficiency of evidence. Since we have concluded the court erred in overruling motion for directed verdict based on that ground, it will be unnecessary to discuss any of the other grounds urged.

The record discloses that while the sheriff and two deputies were conducting a search for stills in the vicinity of appellant's home, they observed a path leading from the rear of appellant's home. They followed this path through appellant's garden and up a mountainside. Some few hundred yards from the home of appellant they found a copper still of some 50 or 60 gallons capacity and some mash. The fire had been "pulled" but the coals were yet hot. This same year other stills had been found in the same locality.

One witness testified that at the time the officers were making the search, he saw appellant's boy, about 100 yards from the still, walking toward the path leading to appellant's house. That is the only evidence, aside from the proof of the path, in any way to connect appellant with the still. There is no evidence connecting him with the ownership or possession of the still, or the land upon which the still was found. There is no evidence that appellant was ever seen near the still or was in any way linked with the operation thereof.

In support of his contention that he was entitled to a directed verdict, appellant cites numerous cases, among which are Brockman v. Commonwealth, 217 Ky. 588, 290 S. W. 315; Hopkins v. Commonwealth, 229 Ky. 69, 16 S. W. 2d 503; and Marcum v. Commonwealth, 227 Ky. 356, 13 S. W. 2d 243. In the Marcum case, this court said: "It is evident that Luther Marcum was entitled to a peremptory instruction. He did not own the land upon which the still was located, and is not shown to have been on those premises at all, and no witness testifies to any fact or circumstances connecting him with the transaction."

We call attention also to McCall v. Commonwealth, 210 Ky. 336, 275 S. W. 807, 808, which considers the significance of a path leading from a residence, directly in point with the instant case. It was said: "In short, the only testimony introduced for the commonwealth to connect appellant with the crime charged was the evidence that a path could be followed from his residence to the place where the still was found."

Appellant explained the existence of this path. He said it was the path to his garden; to a potato patch on the mountain; to a spring from which water was procured for family use; and to a lot where he kept his cow at night. Thus, it will be seen that the facts and circumstances concerning the path as proved by the Commonwealth, being admitted as true, can be as readily reconciled with appellant's innocence as with his guilt.

It is pointed out in the McCall case, supra, that a number of cases have been before this court wherein the existence of a pathway leading from the residence of the accused to the site of the still, has been proved, and only in those cases where the existence of the pathway

was only one among a number of circumstances tending to connect the accused with the commission of the crime has the case been affirmed.

It was further said in the McCall case, supra: "All the facts and circumstances proved by the commonwealth may be admitted as true, and yet be reconciled with appellant's innocence as readily as with his guilt. In that state of case this court has uniformly held that the evidence is not sufficient to sustain a verdict."

We conclude that the court should have directed a verdict for defendant. Wherefore, the judgment is reversed with directions, that if the evidence is the same upon a succeeding trial, to direct a verdict for defendant.