JUDGE HAKDIN
delivered the opinion or the court:
On the 13th of October, 1866, two indictments were found in the Kenton circuit court against the appellant, one of them charging him with having stolen a horse, the property of Patrick Plarlines, and the other with having stolen from said Harlines a wagon and harness. Each offense is alleged to have been committed in August, 1866.
The appellant having pleaded “not guilty” to the first of these indictments, was put upon his trial and acquitted.
,• This acquittal the appellant subsequently pleaded as a bar to the second indictment, averring in his plea “ that the horse, harness, and wagon, in the two indictments aforesaid, belonged to one and the same person, were taken at one time, and all together were taken from defendant at the same time, and that, in fact and in law, there was but one offense, and for that he has been acquitted.”
On the trial the appellant moved the court to give to the jury the following instruction:
“If the jury believe from all the evidence that the prisoner at the bar in this county, before the finding of the indictment, took and removed the horse, and at the same time and place, and with the same intent, took and removed the wagon and harness in the indictment and proof mentioned, and that he kept them hitched together, and they were taken from him, and that the horse, wagon, and harness were alike then and there the property of Harlines, and that the prisoner had, previously, to-wit: on the 15th day of October, 1866, been in this court tried *213 and acquitted on a sufficient indictment for stealing the same horse of the same man, at the same time and place, and by the same identical act as the taking of the wagon and harness, then the jury should find for the defendant.”
An objection of the Commonwealth to the giving of the instruction was sustained, to which ruling the appellant excepted.
The jury having found the appellant guilty, a motion for a new trial was overruled, and the judgment of the court rendered in conformity to the verdict, from which this appeal is prosecuted.
The refusal of the court to give to the jury the instruction asked by the appellant presents the principal question for our determination.
As the evidence conduces strongly to establish the facts on which the instruction is hypothecated, it should not have been, and we presume was not, refused on the assumption that it was abstract. The question to be considered, therefore, is, whether' or not, upon the facts supposed in the instruction, the result of the previous trial was a bar to the further prosecution of the appellant under the indictment in this case.
Supposing the horse, wagon, and harness to have been taken by the appellant from the possession of Harlines with one and the same purpose or intent, so that the act of taking could not have been felonious as to the wagon and harness unless it was as to the horse also, and this purpose or intent being a necessary ingredient in the offense charged in each indictment, and common to them both, having been put in issue, and decided on the trial of the first indictment not to have been felonious, it is insisted for the appellant that the judgment of acquittal was an available bar to this prosecution, and the court 'should have so instructed the jury.
*214 On the contrary, it is contended for the Commonwealth, that although, upon an indictment for the simple larceny of one article of property an acquittal may bar another indictment for the mere larceny of another article of property taken with the same intent and at the same time, yet, as the offense charged in the first indictment was a particular kind of larceny, designated and punished as “horse-stealing,” while that charged in the second indictment was merely simple larceny, with a measure of punishment entirely different from that imposed for “horse-stealing,” and, in the nature of the case, it was impractical or useless to have embraced them both in the same indictment, the Commonwealth might maintain a separate indictment for each offense.
We do not regard the two indictments as for different grades of the same offense, nor for distinct and independent offenses, but different offenses, arising out of one and the same transaction, having most of their constituent elements in common with each other, either of which may have been the subject of a conviction by proving the entire transaction; and yet, one of them having resulted in either a conviction or an acquittal, no conviction could be had as to the other without reproducing the same transaction in evidence.
In Bishop on Criminal Law, volume 1, section 685, it is said: “That although, when a man has done a criminal thing, the prosecutor may carve as large an offense out of the transaction as he can, yet he is not at liberty to cut but once.”
And the same author (volume 1, section 683), referring to offenses embraced by the same transaction, or included one within the other, says: “ Some apparent authority therefor, English and American, that a jeopardy for the less is no bar to an indictment for the greater, we must *215 regard as not being good law, while the doctrine that it is a bar is best sustained by the adjudications, as well as by reason. Thus, if a man burns a dwelling-house, in which a human being is consumed, he cannot, after a conviction for the arson, be held to answer for the murder.”
In Roberts vs. The State (14 Georgia, 8), the same principle seems to have been recognized, and the broad doctrine laid down, that “ whenever the proof shows the second case to be the same transaction with the first,” a conviction or acquittal ’on one indictment will bar a second.
In the case decided by this court, of Hinkle vs. The Commonwealth (4 Dana, 518), it was held, that “ although the setting up of a gaming-table may alone be an indictable offense, the keeping of such table, and inducing of any person to bet upon it, another, when each shall have been committed by different persons, or at different times; nevertheless, as they are co-operating acts, constituting altogether one offense, when committed by the same person, at the same time, an indictment for that combined act in violation of law, may properly charge the whole in one count; and but one punishment can be inflicted, as for one offense.”
Viewing the subject in the light of what seems to be the current of modern adjudication, though, as intimated by Bishop, in seeming conflict with some authority in England and in this country, we have come to the conclusion, that, as the alleged felonious intent, the animus with which the property was taken from Harlines, was, with other material facts, identically the same in the one case as in the other, and so appear to have been from the evidence, the court should have instructed the jury as ask *216 ed — in effect, that the former trial and acquittal operated as a bar to this prosecution.
The distinction taken for the Commonwealth, in regard to the difference between the offense designated as horse-stealing and that of simple larceny, though specious and plausible in argument, is not, in our opinion, sufficient to make this case an exception to the general principle just indicated, that where a party in the same transaction, with one and the same intent, has committed, at the same time and place, two or more acts in respect to the property of the same individual, for either or all of which together an indictment for larceny might be maintained, at the election of the prosecuting power, but in respect to which a second indictment could not be maintained without reproducing the same evidence of intent and other material facts which had been in issue upon the former trial, an acquittal in the one case is a sufficient bar to the prosecution in the other.
Wherefore, the judgment is reversed, and the cause remanded, for further proceedings not inconsistent with this opinion.