CASE 88—INDICTMENT—SEPTEMBER 24.

# Commonwealth v. Vaughn.

APPEAL FROM GREEN CIRCUIT COURT.

1. CRIMINAL LAW—FORMER CONVICTION—BAR—IDENTITY OF OFFENSE.—If the offense charged in one prosecution is so distinct from the previous one, which is plead in bar, that evidence of one will not support the other, they are not so far the same, as that

one will be a bar to the other. In this case the conviction of the defendant of the offense of furnishing liquor to a minor, is held not to be a bar to a prosecution for the sale of liquor in violation of a local option law.

W. S. TAYLOR FOR APPELLANT.

1. If the offenses charged are so distinct that the evidence of the one will not support a conviction under an indictment for the other, then the one conviction will not bar the other. Ruble v. State, 10 S. W. Rept. (Ark.), 262; State v. Faulkner, 39 La. (Ann.), 811; Right v. State, 17 Texas Appeals, 152.

JUDGE GUFFY DELIVERED THE OPINION OF THE COURT.

The appellee, Reuben Vaughn, was indicted by the grand jury of Green county for furnishing liquor to a minor with-. out legal authority, and tried and fined $50 for said offense. At the same term of court he was indicted for selling spirituous liquors in violation of the local option law of said Green county, and after the conviction aforesaid the last named indictment was called for trial and appellee pleaded former jeopardy as well as not guilty. The selling was proven and it was admitted by appellee that the local option law was in force in Green county. At the conclusion of the testimony for the Commonwealth the court instructed the jury peremptorily to find defendant not guilty, thereupon a verdict was rendered in accordance with the instruction and the prosecution dismissed, and appellant's motion for a new trial having been overruled, this appeal is prosecuted.

It is evident that the selling to the minor is the same selling complained of in the indictment under consideration, and the sole question presented for decision is whether the first trial and conviction is a bar to this prosecution. It is clear that the selling to the minor was an offense without

regard to whether the appellee had license to sell or not.   A
sale to an adult would be no offense, unless the selling was
in violation of some law.   It has been held by some courts
that unless the same evidence necessary to establish
the guilt of the accused on the first trial must be intro-
duced on the second, that the first trial would not bar the
second.   All that was necessary to prove on the first trial
was the furnishing to the minor without the proper written
authority.   On the second trial the selling must be proven
and also the fact that the local option law was in force in
Green county. The statute prohibiting the furnishing liquor
to minors is intended to protect the youth of the land.   The
prohibition against selling without license or in violation of
local option law is a police regulation as well as a revenue
measure, hence the selling in question violated two distinct
statutes, and to convict the defendant the proof in one case
was different from that in the other.   The selling or furnish-
ing liquor is no offense, unless such selling is prohibited by
statute.

The precise question under consideration was decided by
the Supreme Court of Arkansas in Ruble v. The State, 10 S.
W. Rep., 262.   We copy as follows from the opinion in that
case: "Appellant sold one pint of ardent spirits to Peter
Dees, a minor, without the consent of his parents or guar-
dian.   For doing so he was indicted for and convicted of
selling liquor without license, and fined in the sum of $200,
and was indicted for selling alcoholic, ardent and vinous
liquors and intoxicating spirits to a minor without the
written consent of his parents or guardian.   After he was
convicted under the first indictment he pleaded such con-

viction and not guilty to the second indictment, and was convicted of the offense therein charged and fined. Were the trial and conviction under the second indictment lawful? It is sometimes difficult to determine whether the offense for which an accused party stands charged is the same offense of which he has been before acquitted or convicted, and this is the only inquiry in this case. Mr. Justice Blackstone says: "It is to be observed that the pleas of autrefois acquit and autrefois convict must be upon a prosecution for the same identical act and crime, (4 Bl. Com., 336).

"In Commonwealth v. Roby, 12 Pick., 496, Chief Justice Shaw, in delivering the opinion of the court as to what is necessary to constitute offenses charged in two indictments the same, said: 'It must, therefore, appear to depend upon facts so combined and charged as to constitute the same legal offense or crime. It is obvious, therefore, that there may be great similarity in the facts, where there is a substantial legal difference in the nature of the crimes, and, on the contrary, there may be a considerable diversity of circumstances, where the legal character of the offense is the same, as where most of the facts are identical, but by adding, withdrawing or changing some one fact the nature of the crime is changed; as where one burglary is charged as a burglarious breaking and stealing certain goods, and another as a burglarious breaking with an intent to steal. These are distinct offenses, (King v. Vandercomb, 2 Leach, 716). So, on the other hand, where there is a diversity of circumstances, such as time and place, where time and place are not necessary ingredients in the crime, still the offenses are to be regarded as the same. In considering the identity

of the offense, it must appear by the plea that the offense charged in both cases was the same in law and in fact. The plea will be vicious if the offenses charged in the two indictments be perfectly distinct in point of law, however nearly they may be connected in fact; as, if one is charged as accessory before the fact and acquitted, this is no bar to an indictment against him as principal. But it is not necessary that the charge in the two indictments should be precisely the same. It is sufficient if an acquittal from the offense charged in the first indictment virtually includes an acquittal from that set forth in the second, however they may differ in degree. Thus an acquittal on an indictment for murder will be a good bar to an indictment for manslaughter; and, *e converso*, an acquittal on an indictment for manslaughter will be a bar to a prosecution for murder. For, in the first instance, had the defendant been guilty, not of murder but of manslaughter, he would have been found guilty of the latter offense on that indictment; and, in the second instance, since the defendant is not guilty of manslaughter, he can not be guilty of manslaughter under circumstances of aggravation which enlarge it into murder.'"

"Chitty, in speaking of the identity of the offense necessary to sustain a plea of former acquittal or conviction, says: 'As to the identity of the offense, if the crimes charged in the former and present prosecution are so distinct that evidence of the one will not support the other, it is inconsistent with reason, as it is repugnant to the rules of law, to say that the offenses are so far the same that an acquittal of the one will be a bar to the prosecution for the other. * * *

"Tested by the authorities cited and quoted from, was

Commonwealth v. Vaughn.

appellant twice indicted for the same offense? The sale of
ardent or spirituous liquor within and of itself is no offense.
Whether it be criminal or not depends on other facts. One
statute makes it an offense to sell it without license, and
another makes it an offense to sell it to a minor without the
consent of his parent or guardian. The object of the two
statutes are entirely different. The object of the first is the
enforcement of the law which requires licenses to be granted,
and fees therefor to be paid, and the other to protect the
morals of minors, and prevent them from being led into
intemperance. The act or circumstance which makes the
sale illegal in one case is entirely different from the facts
which make it an offense in the other. Under the first
statute he was guilty if he had no license, although he sold
to a minor with the written consent of his parent or guar-
dian, and under the other he was guilty if he sold to a minor
without the written consent of his parent or guardian,
although he had or had not license. The acts necessary to
constitute the offenses are so wholly unconnected and dis-
tinct as not to be comprehended, the one within the other.
The essential and constituent elements of the same are
different. A party may be guilty of the one and innocent
of the other, or guilty of both, and the acquittal of one is
not an acquittal of the other. They are separate and dis-
tinct offenses.

"In holding that the two offenses charged against appel-
lant are not the same, we are not without precedents. In
South Carolina two statutes were in force at the same time.
One imposed a penalty of £50 on persons retailing liquors
without license to persons of any description, and the other

Commonwealth v. Vaughn.

a penalty of $1,000 and imprisonment on those trading with a negro without a ticket. In State v. Sonnerkalb, 2 Nott. & Mc. C., 280, it was held that a person who sold liquor to a negro without license and a ticket was lawfully convicted under these statutes of two offenses, and subject to the penalties imposed by both. In State v. Taylor, 2 Bailey, 49, the same court held that the act of buying goods of a negro, knowing them to be stolen, subjected the purchaser to two punishments: one for trading with a negro without a ticket, and the other for receiving stolen goods. And it was adjudged in State v. Inness, 53 Me., 536, that 'to punish a person for keeping a drinking house and tippling shop, and also for being a common seller of intoxicating liquors, although the same illegal acts contributed to make up each offense, is not a violation of the law which forbids a prisoner to be put in jeopardy twice for the same offense.' In Commonwealth v. Harrison, 11 Gray, 308, it was held that a conviction for an illegal sale of intoxicating liquor is no bar to a subsequent charge of keeping open a shop for the transaction of business on the Lord's day, although the business transacted was the sale of liquor for which the party had been previously convicted. And in State v. Faulkner, 2 South Rep., 539, it was held that the accused, who, being intrusted with cotton for a particular purpose by the owner, obtained money on it from a third person, by falsely representing himself as the owner and selling it to him, was lawfully indicted for embezzling the cotton, and for obtaining the third person's money under false pretenses, and that the conviction of the latter offense was no bar to a prosecution for the other.

(39)

"According to the rule laid down by some authorities one of the tests to determine the identity of offenses is, if the evidence of the facts alleged in the second indictment is not within itself sufficient to convict under the first indictment, the offenses charged in the two indictments are not the same. Tested by this rule, are the offenses charged in the two indictments against the appellant the same? In Commonwealth v. Thurlow, 24 Pick., 374, it was held that it was necessary, in an indictment for selling spirituous liquors without a license, to allege that the defendant was not duly licensed, and on the trial it was incumbent on the State to produce *prima facie* evidence of that fact. According to that case the offenses charged against appellant were clearly not the same. But this court has held that the State, in such trials, is not required to prove that the accused had no license, because, if he has, it is particularly within his knowledge and within his power to produce or prove it; and, if he has not, it is not convenient for the State to prove that he was not licensed. (Hopper v. State, 19 Ark., 146; Williams v. State, 35 Ark., 434). It is nevertheless true that the sale alone does not constitute an offense, and in a trial for selling without a license the State must introduce *prima facie* evidence that the accused had no license when he made the sale, or the defendant fail to prove he had. The failure of the accused to prove that he had is evidence that he had none, for, if he had, it is presumed that he would have proven it. So that proof of a sale of spirituous liquors to a minor, without the written consent of his parent or guardian, without other material evidence, would not be sufficient to prove a sale without a license, and, according

to the rule, the offenses charged against appellant are not the same. But reverse the order of the indictments, and suppose the appellant has been convicted upon the first indictment of selling liquor to a minor without the written consent of his parent or guardian, and pleaded such conviction in bar of the second, would the evidence necessary to sustain the second indictment, in that case, have been sufficient to procure a legal conviction on the first? Most unquestionably it would not. Then they are not the same offenses. The evidence of the one will not support the other, and 'it is,' in the language of Chitty, "inconsistent with reason, as it is repugnant to the rules of law, to say that the offenses are so far the same that an acquittal (or conviction) of the same will be a bar to the prosecution of the other. Judgment affirmed."

First Bishop Criminal Law, 7th edition, section 1051, seems to sustain the foregoing views and authorities. It seems clear, therefore, that the conviction under the indictment pleaded in bar in this case is no bar to this prosecution, and the court erred in giving the peremptory instruction.

Judgment appealed from is, therefore, reversed and the cause remanded for a new trial upon principles consistent with this opinion.