## Commonwealth v. Ladusaw.

(Decided October 9, 1928.)

### Appeal from Bullitt Circuit Court.

1.  Criminal Law.—Acquittal is no bar, under Constitution, sec. 13, to prosecution for lesser crime, of which defendant could not have been convicted under first indictment.

2.  Criminal Law.—While defendant cannot be convicted of possessing a still under indictment for manufacturing liquor, acquittal thereunder, is no bar to subsequent prosecution for possessing a still, under Constitution, sec. 13, since he was not in jeopardy for latter offense on former trial.

3.  Criminal Law.—Acquittal of offense. which defendant did not commit, cannot bar prosecution for offense he did committ, under Constitution, sec. 13, when he could not be tried for latter offense under first indictment, and evidence necessary to sustain conviction under second indictment would not sustain conviction under first.

T. C. CARROLL and A. E. FUNK, JR., and J. W. CAMMACK, Attorney General, for appellant.

C. P. BRADBURY for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Reversing.

At the April term, 1927, two indictments were returned against Ed Simon and Pal Ladusaw. In the first indictment they were charged with the offense of manu-

facturing spirituous liquor. In the second indictment they were charged with the offense of having in possession a still. They were put on trial under the first indictment. Simon was found guilty and Ladusaw was found not guilty. Judgment was entered upon the verdict. Then Ladusaw was put on trial under the second indictment. He pleaded former jeopardy by reason of the judgment in the other case. The court overruled the plea, and the case being submitted to the jury, a verdict was returned finding the defendant guilty and fixing his punishment. On a motion for a new trial the circuit court granted a new trial on the ground that he had erred in overruling the plea of former jeopardy. The commonwealth appeals.

The proof on the trial showed these facts: On Sunday morning, March 6, the officers, who were on the lookout, discovered Ladusaw breaking up sticks and making a fire under a still. Some one whistled, and Ed Simon met a third party near by and they then went on to the still. The officers concluded that they needed more help and went back to get others. They returned in about three-quarters of an hour. When they got back the still had been moved; but they followed the tracks in the mud, but did not come up with it. On Tuesday, March 8, they followed the tracks farther, and when they got in sight they saw Simon, and when he saw them he first whistled and then ran. Ladusaw's white dog was at the still when they first saw it and was there the second time, but he himself was not in sight when the whistle warning was given. They testified to practically the same facts on the first trial of the case. The still was on Ladusaw's place, but he introduced proof tending to show that he was elsewhere on the Sunday morning referred to.

The question presented is: Was Ladusaw's acquittal on the first indictment a bar to the prosecution under the second indictment? Section 13 of the Constitution provides:

"No person shall, for the same offense, be twice put in jeopardy of his life or limb."

The rule as to when one prosecution is a bar to another is thus stated in Bishop's Criminal Law, vol. 1, sec. 1053:

"The test is, whether, if what is set out in the second indictment had been proved under the first,

there could have been a conviction; when there could, the second cannot be maintained; when there could not, it can be.''

To the same effect, see 8 R. C. L. p. 143; 16 C. J. p. 265. In Siegel v. Com., 177 Ky. 240, 197 S. W. 812, after a full discussion of the authorities the court thus stated the rule:

"The concrete rule to be deducted from the foregoing opinions, by which to determine whether the acts, committed at the same time and place, constitute one or more offenses, is, if what is set out in the second indictment had been proven on the trial of the first indictment, and it sustains the indictment, then the two indictments are for the same offense. If what is set out in the second indictment, when proven upon the trial of the first will not sustain it, then they are distinct offenses, and the conviction or acquittal of either is not a bar to the other.''

Again in Scarf v. Com., 195 Ky. 835, 243 S. W. 1036, the court said the rule was this:

"It is, that 'When the facts necessary to convict on the second prosecution would necessarily have convicted on the first, a final judgment on the first prosecution will be a bar to the second one.' ''

These cases were followed in Wallace v. Com., 207 Ky. 127, 268 S. W. 811, where the court thus summed up its conclusion:

"Unless the facts necessary for a conviction of appellant in this prosecution for shooting Officer Ashby would have convicted appellant of one or the other charges for which he had been previously tried, a final judgment in those cases was not a bar to a prosecution under this indictment for shooting Ashby.''

In Middleton v. Com., 198 Ky. 627, 249 S. W. 776, the defendant was indicted and convicted for unlawful transportation of liquor. He was then indicted for selling the same liquor and pleaded the former judgment involved. The plea was held bad. The court said:

"Manifestly, each of the acts denounced, committed in the manner indicated, would constitute a

separate and distinct offense, though the penalty provided for the commission of each is the same. Hence, there would seem to be no escape from the conclusion that neither the acquittal nor conviction by trial of a defendant charged by indictment with the offense of unlawfully transporting intoxicating liquor in violation of the statute, supra, would legally operate as a bar to his subsequent trial or conviction in a prosecution under an indictment charging him with the offense of unlawfully selling intoxicating liquor, the commission of which is equally a violation of the statute and by its terms declared a distinct offense. And this would be true although on the trial of the defendant under the indictment for the unlawful sale of the liquor his conviction thereof may, as claimed of that of the appellant in this case, have been caused by the testimony of the same witness whose testimony of the same facts on his previous trial under the indictment charging an unlawful transporting of the liquor by him, resulted in his acquittal of that offense. That is to say, proof of the sale of the liquor by appellant in the prosecution for transporting it, was no more necessary to establish his guilt of that offense than was proof of its transportation by him in the prosecution for selling it necessary to establish his guilt of the latter offense.''

In Mullins v. Com., 216 Ky. 182, 286 S. W. 1042, the defendant was tried and acquitted on the charge of unlawfully giving away intoxicating liquor. He was then indicted for the offense of unlawfully having in his possession intoxicating liquors and pleaded the former judgment involved. Holding the plea not good, the court said:

"It is true that, had he been convicted in the magistrate's court of the offense of 'unlawfully giving away' intoxicating liquor, such conviction would be a bar to a prosecution for the unlawful possession of that same liquor, since he could hardly have given it away without possessing it. Commonwealth v. Wilkerson, 201 Ky. 729, 258 S. W. 297. The reason for that rule is that, when a man has done a criminal thing, the commonwealth may not carve

from it a number of offenses for which it will convict him. It may cut but once. But it does not follow that, where the accused has been acquitted of the offense of 'unlawfully giving away' intoxicating liquors, he may not be prosecuted for the unlawful possession of the same whisky. The two offenses are not identical. The offense of 'unlawfully giving away' involves elements in addition to 'unlawful possession.' Nor would the commonwealth have been entitled in the prosecution in the magistrate's court to have the question of 'unlawful possession' submited along with the question of 'unlawful gift.' "

It is insisted for the appellee that there was but one transaction here, and that the commonwealth, having instituted one prosecution upon that transaction, cannot maintain a second prosecution when all the facts were shown on the first trial. In Bishop's Criminal Law, section 1054, after showing that a conviction for a higher crime bars a prosecution for a lower crime, included in the higher, and for which the defendant might have been convicted under the first indictment, this is added:

"In general, the same consequence follows an acquittal; because generally there can be a conviction for the lower on an indictment for the higher. But the effect of an acquittal is not, like that of a conviction, universally so. Thus, if one is convicted of being a 'common seller' contrary to a statute, an offense consisting of specific sales with other facts, he cannot afterward be tried for making at the same time a single sale, contrary to another statute; for the latter offense is a part of the former. But where the jury, instead of convicting the defendant, acquit him, he may be indicted for a single act of selling during the same period; because, in the words of Dewey, J., 'such acquittal is entirely consistent with the fact having been shown of one or two single sales by the defendant, but a failure to show a third sale, of being sufficient to convict of the offense of being a common seller.' "

The reason for the rule is plain. If the defendant could have been convicted under the first indictment for

the lower crime, he was placed in jeopardy when that trial began. But if he could not be convicted under that indictment for the lower crime, he was not placed in jeopardy when that trial began, and not having been placed in jeopardy there, that proceeding is no bar under the Constitution to the second proceeding. See Bishop on Criminal Law, section 1062. All the authorities agree upon this. 16 C. J. p. 272, secs. 453-470; 8 R. C. L. p. 143, sec. 128.

It has been held time and again by this court that under an indictment for manufacturing liquor the defendant may not be convicted of possessing a still. Such proof, although competent as a circumstance, is not sufficient to make out the case, and the defendant is entitled to an acquittal. See authorities. Johnson v. Com., 210 Ky. 398, 276 S. W. 125; Bartley v. Com., 215 Ky. 850, 287 S. W. 22; Leedy v. Com., 219 Ky. 628, 294 S. W. 164. But when he has been so acquitted, such an acquittal is not a bar to the offense which he has committed in possessing the still, if he did possess it. For on the other trial he was at no time in jeopardy for this, and to hold the former proceeding a bar to the second is simply to extend the constitutional provision beyond its actual meaning. To illustrate: If a man is indicted for murder and acquitted, he may not after this be indicted for manslaughter. For if guilty he might have been convicted of manslaughter under the first indictment. But if he is indicted for murder and acquitted, he may be indicted for larceny committed at the same time, although all the proof was heard on the first trial; for on the first trial for murder he could not be convicted of larceny. So here, as the defendant was never placed in jeopardy for the offense of possessing the still, his acquittal on the other trial on the charge of manufacturing whisky is no bar here.

An acquittal of an offense which the defendant did not commit cannot bar a prosecution for the offense he did commit, when he could not be tried for this offense under the first indictment and the evidence necessary to sustain a conviction under the second indictment would not sustain a conviction under the first. The reason is he was not in jeopardy for the offense he did commit when tried under the first indictment, and to hold otherwise is simply to ignore the constitutional provision; for the necessary effect of the provision is that the defendant

may be tried for the offense he did commit, unless he has been placed in jeopardy of life or limb for the "same offense." The state may not try him twice for the same offense, and so the rule is that if the evidence necessary to convict under the second indictment would be sufficient to convict under the first, then he may not be tried a second time.

In Hughes v. Commonwealth, 131 Ky. 502, 115 S. W. 744, 31 L. R. A. (N. S.) 693, the defendant was indicted and convicted for illegally registering. Afterwards he was indicted for making a false oath in that proceeding. It was held that the first indictment was not a bar to the second, although both the indictments were based upon the same transaction. In Thomas v. Comonwealth, 150 Ky. 374, 150 S. W. 376, the defendant was first indicted for breaking into a store with intent to steal, and was acquitted. He was then indicted for breaking into a dwelling house with like intent. It was held that the first indictment was not a bar to the second, although it was for the same transaction. In Head v. Commonwealth, 174 Ky. 841, 192 S. W. 861, the defendant was first indicted for the offense of carnally knowing a female under the age of 16 years. He was then indicted for the offense of unlawfully detaining a woman with intent to have carnal knowledge of her. It was held that the second indictment, based upon the same transaction, was not barred by the first. In O'Connor v. Commonwealth, 176 Ky. 673, 197 S. W. 405, the defendant was indicted and convicted for having whisky in his possession. He was then indicted for selling whisky. It was held that the second proceeding was not barred by the first. In Long v. Commonwealth, 177 Ky. 391, 197 S. W. 843, the defendant was fined for a contempt of court and was indicted for an assault and battery committed in the same transaction. It was held that the second charge was not barred by the first proceeding. In Commonwealth v. Mathis, 203 Ky. 359, 262 S. W. 288, the defendant was indicted for drunkenness and then prosecuted for having possession of liquor. It was held that the first conviction was not a bar to the second. In Puckett v. Commonwealth, 210 Ky. 768, 276 S. W. 811, the defendant was indicted for having whisky in his house, and being acquitted was charged with having possession of the whisky in his pool room. The first proceeding was held no bar to the second, although it was the same whisky. The case

now before the court cannot be distinguished from those above cited.

Judgment reversed and cause remanded for further proceedings consistent herewith.