## Arnett v. Commonwealth.

(Decided Oct. 26, 1937.)

336

CARL D. PERKINS for appellant.

HUBERT MEREDÍTH, Attorney General, and W. OWEN KELLER, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

Arthur Arnett appeals from a judgment convicting him of. the crime of assault with intent to rob, and fixing his punishment at two years' imprisonment.

On January 14, 1936, the grand jury of Magoffin county indicted appellant Arnett and Kelly Howard for the crime of grand larceny; the indictment charging that the defendants did unlawfully, willfully, and feloniously take, steal, and carry away and out of the possession of Harris Handshoe, two hound dogs of the value of $25, etc. On January 23, 1936, Arnett was tried by a jury and found "not guilty."

On March 3, 1936, the grand jury of Knott county indicted appellant and Kelly Howard for the crime of robbery. On March 12, 1936, the indictment was quashed and the case resubmitted. On the same day the grand jury of Knott county returned a new indictment charging appellant and Howard with the crime of malicious assault with an offensive deadly weapon with intent to rob, under which indictment appellant was convicted.

The facts are in brief as follows: On the evening of December 5, 1935, John Handshoe and Kermit Handshoe were on the ridge between Knott and Magoffin counties listening to the dogs run. According to John Handshoe, Arthur Arnett and Kelly Howard came up and said something about some dogs being lost. Kelly then jabbed John with a pistol and said, ''Go on around the hill.'' They searched him, but said nothing about money. Arnett and Howard then took them around the hill on the Magoffin side and took the dogs. Kelly Howard had a handkerchief over his face. He went around with them to get the dogs. They told John and Kermit to get in front and move on. John never looked back. They said, ''Boys, we are going to take two of these dogs.'' Witness testified on the trial in Magoffin county. According to Kermit Handshoe, Arthur Arnett and Kelly Howard came up on the ridge and Arthur Arnett punched John with a pistol. Kelly had a handkerchief over his face. It was in Knott county where he pulled the pistol on him. They went into Magoffin county because Arnett and Howard made them go over there where the dogs were running.

Other witnesses testified that the place pointed out to them by the Handshoe boys as being the place where the pistol was drawn was in Knott county.

On the other hand, both Arnett and Howard denied drawing any pistol on either of the Handshoe boys, but admitted tying and taking the dogs.

The only question we need consider is whether the court erred in not sustaining appellant's plea of former jeopardy based on his acquittal of grand larceny in the Magoffin circuit court. The rule is that the commonwealth may not split a single act or transaction into two or more separate offenses, but where a single criminal act or transaction is sufficient to prove more than one offense, an election must be made, and a conviction or acquittal on one charge is a bar to another prosecu-

tion based solely on the same act or transaction. Newton v. Commonwealth, 198 Ky. 707, 249 S. W. 1017. The "same offense," within the meaning of section 13 of the Constitution, does not signify the same offense eo nominee, but the same criminal act or omission. Roberson's New Kentucky Criminal Law & Procedure, Second Edition, sec. 135. The commonwealth has an election of trying the defendant either upon the lower or higher offense into which it may be divisible, but it must elect at its peril. If the defendant is tried on the lower offense, the judgment on the merits as to this constitutes a bar to any future prosecution for the higher degree. Commonwealth v. Gill, 90 S. W. 605, 28 Ky. Law Rep. 879. Indeed, the Code provides that, if an offense consist of different degrees, a conviction, or acquittal, by judgment upon a verdict, shall be a bar to another prosecution for the offense in any of its degrees. Section 177, Criminal Code of Practice. Commonwealth v. Bright, 78 Ky. 238. It is also the rule that, where several indictments charge the same person with separate and distinct offenses of the same kind, conviction or acquittal upon one is a bar to prosecution upon the others, if the evidence for the commonwealth in the first case covers the several separate acts. Newton v. Commonwealth, supra.

Without questioning these rules, the commonwealth insists that appellant in drawing his pistol on, and searching, John Handshoe, and thereafter taking the dogs, was guilty of two separate and distinct offenses. It must be borne in mind that no money was demanded of the Handshoes, and nothing was said about taking anything else but the dogs. The Handshoes were told to get in front and move on. They were told by appellant and his companion that they were going to take two of the dogs, and they went around with them to get the dogs. There was no interruption in the transaction. On the contrary, it was a continuous one, and, as part of it took place in Knott county and part of it in Magoffin county, the circuit court of each had jurisdiction. In order to make out a case of larceny it was necessary to show, and the commonwealth did show, all that took place prior to the taking of the dogs. As larceny and robbery are but different degrees of the same crime, section 263, Criminal Code of Practice; Cosby v. Commonwealth, 186 Ky. 503, 217 S. W. 357, it is manifest that, if appellant had been tried on the original indict-

ment in the Knott circuit court charging him with robbery, his acquittal of larceny in the Magoffin circuit court would have been a bar to the prosecution. That being true, it is not perceived how the commonwealth could select out of the one transaction only a few of the facts and proceed, after appellant had been acquitted of larceny, to try him for the crime of assault with intent to rob. We therefore conclude that the plea of former jeopardy should have been sustained.

Judgment reversed, and cause remanded for a new trial consistent with this opinion.