**James Anderson EASLEY, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 31, 1958.

Rehearing Denied and Dissenting Opinion Filed March 6, 1959.

C. M. Leibson, Goldstein & Leibson, Louisville, for appellant.

Jo M. Ferguson, Atty. Gen., David B. Sebree, Asst. Atty. Gen., for appellee.

MONTGOMERY, Judge.

This appeal is from a judgment based on a conviction for burglary with a sentence of five years' confinement. James Anderson Easley, appellant, assigns as error the rejection of his plea of former jeopardy and improper argument by the prosecuting attorney.

Early in the morning of November 26, 1956, while it was dark, appellant entered

the house then occupied as a dwelling by William Marshall Bullitt, now deceased. Entry was made by opening an unlocked window. Three other windows had been tried and found to be locked. Easley's intention was to rob the safe known by him to be in the library of the home. For further statement of facts, see Easley v. Commonwealth, Ky., 320 S.W.2d 776, wherein the judgment for robbery of the safe has been affirmed.

Subsequent to the entry of his plea of not guilty, appellant entered a plea of former conviction, which was overruled. He now insists that the conviction for robbery of safe barred the prosecution for burglary because the same facts were developed in evidence on each trial by the same witnesses and constituted a single transaction.

■ The test to determine whether the acts committed at the same time and place constitute one or more offenses is, if proof of what is set out in the second indictment made on the trial of the first indictment would sustain it, then the two indictments are for the same offense. If what is set out in the second indictment when proved upon the trial of the first will not sustain it, then they are distinct offenses, and the conviction or acquittal of either is not a bar to the other. 2 Wharton's Criminal Evidence, Section 653, page 551; Siegel v. Commonwealth, 177 Ky. 232, 197 S.W. 809. As stated in Scarf v. Commonwealth, 195 Ky. 830, 243 S.W. 1034, and again in Newton v. Commonwealth, 198 Ky. 707, 249 S.W. 1017, 1018, the rule is: "When the facts necessary to convict on the second prosecution would necessarily have convicted on the first, a final judgment on the first prosecution will bar a second one." Commonwealth v. Vaughn, 101 Ky. 603, 42 S.W. 117, 45 L.R.A. 858; Commonwealth v. Ladusaw, 226 Ky. 386, 10 S.W.2d 1089.

■ It thus becomes necessary to examine the charges and facts in the two cases. The indictment in the first case was for robbery of a safe. KRS 433.130. See Easley

v. Commonwealth, Ky., 320 S.W.2d 776. The charge there was that of unlawfully opening by means of explosives or any other force a safe in which money was kept.

The burglary charge in this case, insofar as it is pertinent, follows:

"The said James Anderson Easley * * * with force and arms, unlawfully and feloniously did break and enter the dwelling house of William Marshall Bullitt * * * in the night time, with the intent to commit a felony therein, to-wit: Grand Larceny * *."

It is apparent that the elements of robbery of a safe under KRS 433.130 and of burglary are entirely different. The former offense could well have been committed by one living within or lawfully in the house, while the burglary offense, essentially an unlawful breaking and entering, could have been committed without the commission of the robbery of a safe. It may readily be seen that the charge in each indictment consists of different elements and is sustained by proof of different facts. The robbery of the safe could well have been proved in the first case without showing how Easley entered the dwelling, while proof of the unlawful breaking and entering charged in the second case would not have sustained the charge in the first case. The sameness of place and the close sequence in time of the two events do not require the conduct to be considered as a single transaction when two or more distinct and separate offenses are committed. 22 C.J.S. Criminal Law § 285, page 427; 15 Am.Jur., Criminal Law, Section 380, page 53, and Sections 389 and 390, pages 63–66; 9 Am.Jur., Burglary, Section 35, page 259; 2 Wharton's Criminal Evidence, Section 650, page 544; Runyon v. Morrow, 192 Ky. 785, 234 S.W. 304, 19 A.L.R. 632. The plea of former conviction was properly overruled.

■ Appellant urges that the prosecuting attorney indulged in improper argument in three instances. The jury was asked to speculate as to what would have happened

had Mrs. Bullitt entered the study while appellant was slipping the panel catch with a knife he had found on a studio desk. It is argued that this injects the element of violence into the case which is unwarranted. The second and third objections were based upon the arguments that the maximum penalty should be given because the personal protection of the jury members was involved and that appellant should be punished not alone for what he had done but as a deterrent to others.

The circumstances of the offense were admitted by the appellant. In determining the seriousness of the offense and the punishment to be fixed, it was proper for the jury to take into consideration any reasonable inference based on the facts. It, therefore, was proper for them to consider what appellant's action might have been had Mrs. Bullitt discovered him.

■ In essence, the other two alleged improper arguments are the same; that is, the maximum punishment should have been given as a deterrent for the protection of the public, including the jurors. Assuming, but without determining, that such argument was improper, it was not prejudicial. Appellant did not receive the maximum punishment. Apparently, the jurors paid little attention to it in fixing his punishment at five years when the maximum was ten years. KRS 433.120. Considering the admitted and overwhelming testimony of guilt and the medium sentence received, there is no affirmative showing of prejudicial error. Criminal Code of Practice, Section 340; Tiernay v. Commonwealth, 241 Ky. 201, 43 S.W.2d 661; Lotheridge v. Commonwealth, 260 Ky. 500, 86 S.W.2d 278.

Judgment affirmed.

SIMS, Judge (dissenting).

I am unable to agree with the majority opinion that Easley's first conviction on the charge of safe breaking is not a bar to his second conviction on the charge of burglary, where there was but one trans-

action. It is so plain to me that both the trial court and this one have erred, that I feel impelled to dissent.

For the sake of convenience and brevity, the charge of safe breaking will be referred to as the first case and the one involving burglary will be referred to as the second case, since they were tried in this order.

Stripped of its formal verbiage, the first indictment charged Easley with unlawfully breaking into a safe belonging to Mr. Bullitt (located in his home) in which were kept money and securities of value, with intention of converting same to Easley's own use. The second indictment charged Easley with feloniously breaking into this same home of Mr. Bullitt with the intent to commit grand larceny.

On the first trial Mrs. Bullitt testified the house was entered through a window, the safe was opened by running the combination and about $100,000 was taken therefrom. Her testimony was substantially the same on the second trial. However, Mrs. Bullitt was corroborated on the second trial by her maid, Bertha Anthony, that the entry into the house was made through an open window. This maid did not testify on the first trial.

Priest M. Fry, an officer of the Louisville Police Department, testified in both trials as to recovering $40,000 from Easley and in both trials introduced a confession made by him. In the first trial it seems that only part of the confession was read to the jury relative to defendant finding and copying the combination of the safe, while in the second trial the whole confession was read to the jury. The prosecutor made this statement as is shown on page 67 of the transcript of evidence heard on the second trial:

"The statement which Captain Fry has just read was introduced as an exhibit on the trial of the previous case, and was loaned to me by the official reporter. I would like to withdraw

the exhibit in order to return it to the record of the first trial and offer in its place a photostatic copy of that statement. Is that agreeable with you?"

"(Defense counsel:) We agree to it."

It would appear from this quotation that the whole confession was made a part of the record on the first trial, although only part of it was actually read to the jury.

On the first trial, three photographs of the safe were introduced marked respectively "Prosecution Exhibits, A., B., and C." On the second trial these same three photographs were introduced and in a notation on the index of the transcript of evidence of the second trial, this appears: "Exhibits, B., C. and D., photographs, included in record on appeal of first conviction."

It is provided in § 13 of the Kentucky Constitution: "No person shall, for the same offense, be twice put in jeopardy of his life or limb." In the recent case of Burnett v. Com., Ky., 284 S.W.2d 654, it was written at page 656:

"We have often said that the Commonwealth may not split a single act into two or more separate offenses, and that where a single act or transaction is sufficient to constitute more than one offense and an election for prosecution has been made, a conviction or acquittal on that charge is a bar to another prosecution based solely on the same act or transaction. Arnett v. Commonwealth, 270 Ky. 335, 109 S.W.2d 795. This is so even though the first trial was for a lesser grade of offense out of which the greater one stemmed. Thus, conviction in a justice's court of a breach of the peace by assaulting another person is a bar to his prosecution in the circuit court for assault and battery on the same person at the same time. Commonwealth v. Gill, 90 S.W. 605, 28 Ky.Law Rep. 879."

It is worthy of note that in the Burnett case the accused had paid three fines: 1. for operating a car while intoxicated; 2. reckless driving; 3. running a red light, and the opinion held that these three prior convictions did not bar his prosecution for assault and battery growing out of the same transaction when his car struck a woman, since the record did not show this fact entered into his police court trials. Thus it is intimated, and very logically so, that our holding would have been different had the pedestrian been the prosecuting witness on the reckless driving charge and testified she had been struck by Burnett's car.

The rule as to when one prosecution is a bar to another is correctly stated in the majority opinion. However, a simpler statement thereof appears at the bottom of page 1089 of 10 S.W.2d, in Com. v. Ladusaw, 226 Ky. 386 (taken from Scarf v. Com., 195 Ky. 830, 835, 243 S.W. 1034, 1036) in these words: "When the facts necessary to convict on the second prosecution would necessarily have convicted on the first, a final judgment on the first prosecution will be a bar to the second one."

The early case of Triplett v. Com., 84 Ky. 193, 1 S.W. 84, 8 Ky.Law Rep. 67, held a prosecution for burglary is a bar to an indictment charging grand larceny when but one transaction occurs at the same time and place. The Triplett opinion correctly says the prosecutor may elect whether the indictment shall be for burglary or grand larceny, but he cannot make two offenses out of one.

It is interesting to note how the courts of the various states have divided (illogically at times, I think) on this question. Reference is made to Annotations in 19 A.L.R. 626.

In Fisher v. Com., 1 Bush 211, 64 Ky. 211, accused stole a horse, wagon and harness which hitched the horse to the wagon. It was held an acquittal on an indictment charging horse stealing was a bar to a separate indictment charging a theft of the wagon and harness.

A very excellent statement appears in Arnett v. Com., 270 Ky. 335, 109 S.W.2d 795, 796, "the 'same offense,' within the meaning of section 13 of the Constitution, does not signify the same offense eo nominee, but the same criminal act or omission." Here, Easley's offense was grand larceny from the Bullitt home and under § 13 it matters not one whit whether he took the $100,000 from Mr. Bullitt's safe or from his desk drawer. The gravamen of the offense charged in each indictment is grand larceny.

But back to the rule. Would facts necessary to convict on a second prosecution have necessarily convicted on the first? Here, the answer is bound to be in the affirmative because the proof on the second trial was the same as that heard on the first and it resulted in a conviction on the first trial. This case is as simple as that. Therefore, I am guilty of writing more than necessary and of making an exceedingly easy proposition appear difficult.

For the reasons given, I would reverse the judgment of the trial court.

I am authorized to state that Judge MILLIKEN joins in this dissent.