**James Anderson EASLEY, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 31, 1958.

Rehearing Denied March 6, 1959.

C. M. Leibson, Goldstein & Leibson, Louisville, for appellant.

Jo M. Ferguson, Atty. Gen., David B. Sebree, Asst. Atty. Gen., for appellee.

MONTGOMERY, Judge.

James Anderson Easley was convicted of robbery of a safe and sentenced to five years' imprisonment. Subsequently, he was convicted of burglary under another indictment, which judgment has been affirmed. Easley v. Commonwealth, Ky., 320 S.W.2d 778. On this appeal, he urges that the evidence is insufficient to sustain the verdict.

Easley had been employed as a chauffeur and handyman by William Marshall Bullitt, now deceased, at the latter's estate in Jefferson County, known as Oxmoor. Several months before the robbery, while working in the Bullitt library, appellant saw the combinations to two safes on a desk. He copied the combinations and placed the copies in his billfold.

The safes were located behind the wall paneling in the library of the home. A wooden panel operated by a push button concealed a fireproof safe, inside which was a smaller so-called burglarproof safe. Appellant used a knife to slip the catch on the panel and then opened the outer and inner safes by manipulating the locks with his hands, using the copies of the combinations which he had obtained previously. Two brown envelopes containing in excess of $100,000 in currency were taken from the smaller safe by appellant. The money belonged to William Marshall Bullitt.

Appellant was charged with the robbery of a safe. KRS 433.130. It provides:

"Any·person who, by force or violence, steals, takes or carries away, or attempts by force or violence to steal, take or carry away from any bank, any money, notes, securities or other thing of value, or who, by ·means of explo-

sives or any other force, unlawfully opens or attempts to open, 'any safe in which is kept money, notes, securities, books or any other thing of value, shall be confined in the penitentiary for not less than two nor more than twenty years."

■ It is argued that the statute requires an opening by use of explosives or other violent force and that the force used by appellant in working the combinations to the safes was not such force as is re-quired by the language of the statute; hence, the evidence was insufficient to sus-tain the conviction.

Two theories are advanced to support appellant's argument. First, the purpose of the statute, as expressed by its title when enacted, was to provide a more severe punishment when the element of violence and its inherent danger were concerned. Second, the principle of ejusdem generis requires that the phrase "explosives or any other force" must be construed to mean "explosives or such like force".

The statute in question was first enacted in 1904. Chapter 43, Acts 1904. The title of the 1904 Act was "An Act to provide for more adequate punishment for bank robbery and safe blowing." In upholding the constitutionality of the Act in McPherson v. Commonwealth, 234 Ky. 523, 28 S.W.2d 768, the Court, in effect, held that the elements of the offense were set out in the body of the Act. The new Act became Section 1159a, Kentucky Statutes. Section 1159, Kentucky Statutes (Acts 1891–93, Chapter 182, Section 32, page 763), fixed the punishment for the common-law crimes of robbery and burglary.

The two sections were amended and re-enacted in 1934. Kentucky Acts 1934, Chapter 52, page 169. The title of the 1934 Act is: "An Act to amend and re-enact Sections 1159 and 1159a, Carroll's Kentucky Statutes, prescribing punishment for robbery or burglary, robbery of bank or safe, or for having burglarious tools, the use of firearms in committing any of

said acts and knowingly giving protection or comfort to any person committing these acts." No change was made in the language of Section 1159a, but the term "safe blowing" was omitted from the title of the Act. The scope of the Act was broadened as is shown by its title and its language. By the enactment and re-enactment of Section 1159a in the same language, the Legislature condemned the conduct described therein. Thus, the emphasis is on the conduct condemned in the body of the Act and not on the title.

The language of the statute indicates an intention on the part of the Legislature to provide a greater protection for certain classes of property normally kept in banks or safes. It is intended to safeguard against the loss of money, notes, books, securities, and other things of value. The protection against the use of force or violence is not the object of the statute. Appellant's contention would eliminate from prosecution under KRS 433.130, formerly Section 1159a, the taking of such property by breaking the safe lock by drilling, smashing the safe open by a hammer or heavy instrument, or opening of the safe by operation of the combination. The loss sustained is the same regardless of what force or means may have been used.

■ In Mills v. City of Barbourville, 273 Ky. 490, 117 S.W.2d 187, 188, the rule of ejusdem generis and its application are discussed. It was there written:

"The cardinal rule in construing statutes is, if possible, to ascertain the meaning of the Legislature from the language used, and if that be plain, clear, and unambiguous, resort to collateral rules of construction is unnecessary. The rule of ejusdem generis is but a rule of construction and will not be applied or resorted to in the construction of statutes, if the intention of the statute is clear. Goldsmith v. United States, 2 Cir., 42 F.2d 133; State v. Grosvenor, 149 Tenn. 158, 258 S.W. 140. It should never be applied

in the construction of a statute so as to thwart or to confine the operation thereof to narrower limits than those clearly intended by the Legislature."

 The intent of the Legislature is clear from the language used, and the construction of the statute sought by appellant would thwart or confine its operation to narrower limits than those intended by the Legislature; therefore, the rule of ejusdem generis is not applicable.

Judgment affirmed.